MUTUAL LIFE INS. CO. OF NEW YORK *v.* HEBRON.

(Division A. Feb. 20, 1933. Suggestion of Error Overruled April 3, 1933.)

[146 So. 445. No. 30470.]

R. H. & J. H. Thompson, of Jackson, and Frederick L. Allen, of New York City, for appellant.

148

Green, Green & Jackson, of Jackson, for appellee.

150

Argued orally by **J. H. Thompson,** for appellant, and by **Garner Green,** for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellee instituted this suit against the appellant on two policies of life insurance to recover total and permanent disability benefits and premiums paid, under the following provisions of the two policies:

"If the insured, after payment of premiums for at least one full year, shall, before attaining the age of sixty years, and provided all past premiums have been duly paid and this policy is in full force and effect, furnish due proof to the Company at its Home Office either (a) that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation, or (b) that he has suffered any of the following 'Specified Disabilities' (which shall be considered total and permanent disabilities hereunder), namely, the entire and irrevocable loss of the sight of both eyes, or the severance of both entire hands, or of both entire feet, or of one entire hand, and one entire foot, the company, upon receipt and approval of such proof, will grant the following benefits:

"1. The company will, during the continuance of such disability, waive payment of each premium as it becomes due, commencing with the first premium due after approval of said due proof. Any premium due prior to such approval by the company must be paid in accordance with the terms of the policy, but if due after receipt of said due proof, will, if paid, be refunded upon approval of such proof.

"2. The company will during the continuance of such disability, pay to the insured a monthly income at the rate of $10.00 for each one thousand dollars of the face amount of this policy (but not including dividend additions), the first such monthly payment being due on

receipt of said due proof, and subsequent payments on the first day of each calendar month thereafter, if the insured be then living and such disability still continue. No income payments, however, will be made prior to the approval of such proof by the Company as satisfactory, but upon such approval, whatever income payments shall have become due will then be paid. . . ."

The declaration alleged that the appellee became totally disabled on August 6, 1928, and has been totally and continuously disabled since that date; that she gave the appellant preliminary notice of her disability "as soon as she was informed that she was entitled to claim the disability benefits of said contracts or policies of insurance," and, in addition, prepared and executed a sworn statement of disability and forwarded same to the appellant on or about December 3, 1930. It was further alleged that on or about December 15, 1930, the appellee received from the appellant two checks for nine hundred seventy dollars and five cents each, or a total of one' thousand nine hundred forty dollars and ten cents, which amount included six hundred forty dollars and ten cents as a return of one premium paid on the two policies, and one thousand three hundred dollars in disability bene- fits, whereas she was entitled to receive, in addition to the amounts so paid, the sum of one thousand five hundred sixty dollars covering disability benefits for fifteen months and eighteen days prior to December 24, 1929, which was alleged to have been arbitrarily fixed as the date on which disability benefits began to accrue to her, and that she was also entitled to the refund of an additional premium paid on said policies prior to December 24, 1929, for all of which she demanded judgment.

The appellant demurred to the declaration, setting up in its demurrer that the declaration was insufficient in law and failed to state a cause of action because: "As shown by the averments of the declaration and exhibits thereto, the defendant became obligated to pay to plain-

tiff a monthly income at the rate of ten dollars for each one thousand dollars of the face amount of the policies only after receipt and approval by it of proof of plaintiff's disability, the first of such monthly payments being due to be paid on receipt and approval of such proof of disability and subsequent payments to be made on the first day of each calendar month thereafter; and plaintiff did not furnish unto defendant proof of her disability until December 8th, 1930, and full payment has been made by defendant to plaintiff for all disability benefits to which she was entitled under the terms of said policies from and after date of December 8th, 1930. And, by the terms of said policies of insurance, defendant became obligated to waive the payment to it of all premiums during the continuance of plaintiff's said disability commencing with the first premium due after approval of proof of such disability, and the payment of all further premiums after the approval of such disability was by the defendant waived.''

The demurrer was overruled, and thereupon the appellant filed two special pleas, averring: First, that the payments, aggregating one thousand nine hundred forty dollars and ten cents, were gratuitous and voluntary, and made without legal or other consideration; and, second, that there was an accord and satisfaction by the acceptance of checks, each bearing on its face the following notation: ''Amount due on above date under the disability provisions of policy ————'' (number of policy inserted). Replications were filed to these pleas, and the cause was submitted to the court, without the intervention of a jury, upon the pleadings and proof, and a judgment was entered in favor of the appellee for the amount sued for, with interest and costs.

The facts as shown by the record are not controverted. The two policies were issued by the appellant on February 1, 1925, and all premiums accruing prior to November 24, 1930, when the notice of disability was given,

were paid. The appellee became wholly disabled on August 6, 1928, and has been continuously disabled since that date. She has been at all times since the beginning of her disability, in full possession of her mental faculties, but on account of negligence or oversight, she did not give the appellant notice of her disability until November 12, 1930, which preliminary notice was received by the appellant at its home office on November 24, 1930. On December 3, 1930, on a form furnished by the appellant's soliciting agent, she executed a formal proof of her disability and forwarded it to the appellant. It was received by the appellant on December 8, 1930, and after approval, the appellant, on December 13, 1930, issued and forwarded to the appellee checks to cover a refund of premiums paid on February 1, 1930, and disability benefits which had accrued after receipt of the preliminary notice of disability, and also disability benefits for eleven months prior to the receipt of this preliminary notice. Since the approval of the proof of disability, the appellant has continued to pay a monthly benefit of one hundred dollars, and no complaint is made as to that, but the demand here is for a refund of premiums paid, and monthly disability benefits alleged to have accrued between August 6, 1928, the date upon which the appellee became disabled, and November 24, 1929, the date from which the appellant calculated the benefits paid.

The proof offered by the appellant was to the effect that the terms and conditions of the policy contracts sued on were never modified, altered, or in any way changed after the execution thereof on February 1, 1925; that the company never recognized or admitted its liability under the terms of its policy for any benefits and waiver of premiums, prior to receipt of the due proof of disability, and that the payments of benefits to the appellee antedating receipt of proof of her disability were purely voluntary and gratuitous, and were made in pursuance of

an adopted policy and rule of the company to pay eleven
months' benefits to all holders of policies of the class of
those held by the appellee. The reason assigned for the
adoption of this rule, and the payment of benefits which
were more liberal than required by the policies, was that
the company had adopted a new and later form of policy
containing provisions for the payment of benefits for
eleven months prior to the receipt of proof of disability,
where the proof showed a total disability for one year
prior to the receipt of such proof, and the purpose of this
rule was to grant to policyholders of the class to which
the appellee belonged the same benefits as the holders
of the new contract were entitled to thereunder.

The first question presented by this appeal is whether
the obligation to waive premiums and pay disability bene-
fits arose upon the receipt and approval of proof of dis-
ability, or upon the happening of the disability, and upon
this question, this case is controlled by the cases of New
York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93,
15 A. L. R. 314, and Berry v. Lamar Life Ins. Co. (Miss.),
142 So. 445, and the opinion therein on the suggestion of
error, rendered February 13, 1933, 145 So. 887. The per-
tinent provisions of the policies here sued on are in all
material respects and in legal effect the same as those
involved in Berry v. Lamar Life Ins. Co., supra. The
provisions of these policies are that: "If the insured
. . . furnish due proof to the company at its Home
Office . . . the company will, during the continuance
of such disability, waive payment of each premium as it
becomes due, commencing with the first premium due
after approval of said proof." This provision does not
waive the payment of any premium which becomes due
after receipt by the company of said due proof, and be-
fore the approval of such proof, but expressly requires
that such premiums shall be paid in accordance with the
terms of the policy. It is provided, however, that any
premium, due and paid between the dates of the receipt

and the approval of said proof, will be refunded upon approval of the proof. The further obligation of the company under this provision of the policy is to pay a monthly income to the insured of ten dollars for each one thousand dollars of the face amount of the policy, it being expressly provided that the first monthly payment shall be due on receipt of said due proof, and that a monthly payment shall thereafter be due on the first day of each calendar month, if the insured be then living and such disability still continue. There is no ambiguity in these provisions of the policy contracts. Thereby, the company obligated itself to waive the payment of further premiums after the receipt of due proof, and to pay monthly benefits from and after receipt of such proof, provided the proof is approved by the company. There is thereby created no obligation to return any premiums paid and pay any benefit accruing prior to the receipt of due proof of disability, and, as said in Berry v. Lamar Life Ins. Co., supra, on the suggestion of error, "Until and unless such proof was filed, there was no waiver of premiums, and no accrual of benefit."

As was said by the Supreme Court of the United States in Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 231. 76 L. Ed. 416, in construing a similar provision of an insurance policy, "Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof,*" and we might add that the obligation of the company to pay disability benefits due does not rest upon the existence of the disability, but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to the assumption by it of payment of such benefits.

Upon the contention that section 2294, Code 1930, pro-

hibiting any change by contract of the statutory periods of limitation of actions, writes out of the contracts of insurance the provision that liability for disability benefits shall arise only upon receipt of proof of such disability, this case is likewise controlled by the case of Berry v. Lamar Life Ins. Co., supra, wherein it was held that this statute has no application to this provision of the contract.

The appellee argues, however, that if it be held that the mere existence of the disability, as a physical fact, does not impose liability, but that actual receipt of due proof of such disability creates the liability under this provision of the policies, then the appellant waived this provision and obligated itself to pay benefits for the entire period of disability, by approving the proof showing disability from August 6, 1928, and paying the monthly benefits for a period of eleven months next preceding the receipt of such proof. In other words, it is argued that the proof was an entirety and showed a total disability for the entire period from August 6, 1928, to November 24, 1930, and, consequently, when the appellant approved the proof and paid the benefits for a portion of this period, it thereby waived its right under the contract to pay only prospective benefits, and assumed an obligation to pay retrospective benefits for the entire period of disability.

The uncontroverted proof is that no change or modification of the terms or the provisions of the policy contract was made or agreed to at any time, and that the payment of benefits for eleven months prior to the receipt of the proof of disability was purely voluntary and gratuitous, and in accordance with an adopted rule of the company, in effect after September 1, 1930, to allow policyholders of the class to which appellee belonged benefits for eleven months prior to the receipt of proof of disability, in order that they would receive the same benefits as holders of the new and changed policies then

being issued by the appellant. The rights of appellee and appellant are to be measured by the terms and provisions of the policy contract, and by such contract the appellant was only obligated to make prospective payments from the date of receipt of due proof of disability. It was not thereby obligated to make payments antedating receipt of such proof, and the fact that, in pursuance of an adopted policy and rule of the company, it paid benefits not provided for or required by the terms of the policy, did not obligate it to grant the appellee further and additional payments or benefits not required by her contracts.

A soliciting agent of the appellant assisted the appellee in the preparation of the proof of disability, and over the objection of the appellant. the husband of the appellee was permitted to testify that this agent stated that the company was liable from the time she became disabled, and that it would not take advantage of the delay in filing proof. and that, "You won't lose anything by the delay." This soliciting agent also delivered to the appellee the checks in payment of the benefits allowed, and upon objection being made to the amount thereof, he stated that he "would take it up with the company."

It is now contended that, in view of our statute, section 5196, Code 1930, defining insurance agents, and providing that such agents "shall be held to be the agent of the company for which the act is done or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract," the provisions of the policy as to the payment of benefits only from date of receipt of due proof were waived by the acts and declarations of this agent. By virtue of this statute, persons thereby made agents of a company may bind the company within the real or apparent scope of their authority in the performance of an act on behalf of the company; but there

was nothing done or said by this soliciting agent which changed, altered, or modified the provisions of the contract, or constituted a waiver of the express provisions thereof. The act of the agent in assisting in the preparation of proof of disability showing the fact of present disability and the date of the beginning thereof, or in delivering the checks to the appellee, did not waive, change, or modify the terms of the contract and create a liability which did not theretofore exist thereunder. The declaration of the agent as to the extent of the liability of the company under the disability provisions of the policy, were in effect a mere expression of opinion as to the legal effect of the contractual provision, a matter about which lawyers and judges have widely differed, as shown by recent litigation in this court. The statements of this agent, made to the husband of the appellee, that the company would not take advantage of the delay, and that the appellee would lose nothing on account of the delay, was likewise in effect an expression of opinion and was wholly insufficient to waive the provisions of the contract, and in effect make a new contract between the parties.

The appellee advances the contention that by pleading over after the declaration had been adjudged good on demurrer, the appellant waived its demurrer and is estopped to assert error in the overruling thereof. This becomes immaterial in view of the fact that upon final consideration of all the proof, we think the appellee is not entitled to recover any amount sued for.

The judgment of the court below will be reversed, and judgment will be entered here for the appellant.

Reversed, and judgment here for the appellant.