## ÆTNA LIFE INS. CO. v. ROBERTS.

(Division B. Nov. 25, 1935. Suggestion of Error Overruled Jan. 6, 1936.)

[164 So. 311. No. 31898.]

Watkins & Eager, of Jackson, and Brady, Dean & Brady, of Brookhaven, for appellant.

Robertson, Campbell & Robertson, of Jackson, **E. B. Sauls, Jr.**, of Brookhaven, and **H. J. Patterson**, of Monticello, for appellee.

Argued orally by **W. H. Watkins, Jr.**, for appellant, and by **Chas. S. Campbell**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee was plaintiff in the court below and filed suit upon a policy of life insurance issued by the appellant to recover disability benefits provided for under said policy which contained what is commonly called a "total and permanent disability" clause, reading as follows:

"Permanent Total Disability Provision. If before default in payment of premium, the insured becomes totally and permanently disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit, the following benefits will be available;

"When such disability occurs before age Sixty; A waiver of the payment of premiums falling due during such disability, and an income of ten dollars a month for each one thousand dollars of the sum insured payable to the life owner each month in advance during such disability.

"If before attaining the age of sixty years, the insured becomes totally disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of ninety consecutive days, then, if satisfactory evidence has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent. In such a case, benefits shall accrue from the expiration of the said ninety days, but not from a date more than six months prior to the date that evidence of such disability, satisfactory to the Company, is received at its Home Office. No benefit shall accrue prior to the expiration of said ninety days, unless during that period, evidence satisfactory to the Company is received at its Home Office while the insured is living that the total disability will be permanent, in which event benefits will accrue from the commencement of disability."

The appellant filed a plea of the general issue giving notice thereunder that if the appellee was disabled, such disability arose after the default in the payment of premiums, and that notice of such disability was received by the appellant within the ninety-day period and after the alleged commencement of the disability. It was also alleged that evidence of such disability was never, at any time, received by the appellant, and had not been received

at the time the suit was filed, and for these reasons the policy was null and void.

The notice given by the plaintiff to the insurance company was by two letters, the first one dated February 29, 1932, at a time when the plaintiff was at Outwood, Kentucky, in a hospital being treated for tuberculosis, and reads as follows:

"Ætna Life Ins. Co.

"Age-Herald Bldg.,

"Birmingham, Ala.

"Gentlemen:

"November 31, 1931, paid up extension on a $5,000.00 policy issued to John M. Roberts, Brookhaven, Mississippi, expired. I have not the number available, as it is at home. This policy has the disability clause. In view of the above expiration, have I any claim for disability due to the following facts set forth briefly: During the latter part of July, 1931, I became unable to work. Filed claim for examination with the U. S. Veterans Bureau in November, 1931. Diagnosed active T. B. after X-ray and Exam. Jan. 24th, 1932. Confirmed as active far advanced by board of examiners U. S. Veterans Hospital, Outwood, Ky., Feb. 23, 1932, and am now receiving treatment at the above mentioned hospital. Your advices in the matter will be very much appreciated."

The second letter was dated March 15, 1932, and addressed to the Ætna Life Insurance Company, at Memphis, Tennessee, and reads as follows:

"In view of the following facts has the undersigned any claim on the above numbered policy which expired November 13, 1931. I have been totally disabled and unable to work since July, 1931. During the early part of November, 1931, I made application on the United States Veterans Bureau for Hospitalization, and was examined on such application at the regional office at Jackson, Miss., January 24, 1932, at which time I was diagnosed as an active tubercular. I entered the Veterans Bureau Hospital at Outwood, Ky., February 12th,

and pronounced by the medical board as a far advanced case. The above policy carried a disability clause. This information was furnished your office under date of February 24th, but through error was addressed to the Age-Herald Building, Birmingham, Ala. Your advices in the above will be appreciated."

The appellant replied to these letters under date of March 29, 1932, as follows:

"Mr. John M. Roberts,

"c/o U. S. Veterans Hospital

"Outwood, Ky.

"Dear Sir:

"In regard to your recent letter, inquiring if you are covered under the disability clause in Policy N-531,712, will advise that your letter addressed to our general agent at Birmingham, on March 11th, was forwarded to the Home Office, and on March 21st, they wrote to him stating that your policy lapsed for non-payment of the quarterly premium falling due August 25, 1929, and that the extended insurance feature was operative until November 13, 1931. The disability clause states that an insured must be permanently and totally disabled before default in payment of premium. Under this interpretation the Company is not considering your application for disability."

The plaintiff remained in the hospital at Outwood, Kentucky, until the fall of 1932, when he returned to Brookhaven, Mississippi, and attended to certain legal business in which he had been engaged, and in December, 1932, he had a hemorrhage and was sent to the Veterans' Hospital at Alexandria, Louisiana, where he stayed until May, 1932. He then returned to Brookhaven, had another hemorrhage, and was returned to the hospital at Outwood, Kentucky.

The policy involved had lapsed once for nonpayment of premiums, and was reinstated in February, 1928. The last premium paid on the policy, which had the thirty

days of grace provision, was on May 25, 1929, and another premium became due on August 25, 1929.

There was considerable testimony as to the condition of the plaintiff on and before August 25, 1929, and as to whether or not his condition of health on the date when the last premium was or should have been paid was such as to show that he was totally and permanently disabled.

In 1928, he had a casual examination by a physician attending one of his family at which time the appellee had a severe cold, and this physician testified that the appellee then had blood in his sputum, which indicated tuberculosis. Appellee also had another examination by another physician for the purpose of obtaining insurance in another company, and this physician, when he first examined appellee, refused to approve his application, but, thinking that, perhaps, he had a cold, instructed him to return later, which appellee did, and after another examination this physician approved the application and the insurance policy was issued. Shortly thereafter, this physician learned that the appellee had tuberculosis, and thereupon the physician went to the appellee and requested him to surrender the policy which had been issued upon the examination of this physician subsequent to the default in the premium. The appellee was examined by a physician in Jackson, Mississippi, in which X-ray pictures were made, which showed that appellee was in an advanced stage of tuberculosis, and from the testimony of this Jackson, Mississippi, physician, it appears that the tubercular condition of the appellee had existed at the time of the failure to pay the premium in August, 1929. The testimony of other physicians, plus the X-ray pictures, showed that, in their opinion, the appellee had tuberculosis, in an active form, prior to August, 1929, and lay witnesses testified that the appellee, on numerous occasions, had blood in his sputum, and that he appeared to be in a run-down condition, and was unable to continue actively at his business, although he attempted to devote some time thereto. There was al-

so testimony by other witnesses that the appellee, during August, 1929, and afterwards, was engaged in business and, apparently, in good health.

It was established that he had tuberculosis prior to August, 1929, and from the testimony it appears that at times it was active, and sometimes appeared to be quiescent or arrested.

The jury found for the appellee for a period of six months anterior to the letter first written by appellee to the insurance company, and judgment was rendered in favor of the appellee for one thousand two hundred dollars with interest and costs, and from this judgment the appellant has prosecuted this appeal.

There are a number of contentions made with reference to cases which are relied upon for a reversal, but the chief contention is that there is no liability because the proof of total and permanent disability was not furnished within ninety days after the commencement of the physical condition of the appellee at the time of the default in the payment of the premium in August, 1929, and that no notice was given thereof within the period of six months from that date, and that, under the disability clause of the policy, there was no liability.

It will be seen from reading the disability clause that it is provided that if, before default in payment of premium, the insured becomes totally and permanently disabled and prevented from performing any work, etc., the following benefits will be available. It does not provide that the giving of notice or proof of loss was a condition precedent, but only provides that if the insured is prevented from performing any work for ninety consecutive days, benefits will accrue, from the expiration of the said ninety days. It is further provided that no benefits shall accrue from a date more than six months prior to the date that evidence of such disability is received at its home office, and that no benefit shall accrue prior to the expiration of ninety days unless the company has received evidence, while insured is still living, that the

disability will be permanent, in which event benefits will accrue from the commencement of the disability. Nowhere, in our opinion, does this clause provide that the benefits shall only accrue if proof is furnished within any given period.

Construing the language in its ordinary acceptation, we are bound to arrive at the conclusion that the premium was waived if and when total and permanent disability accrued.

Payment of the amounts due under the policy is not dependent upon the company receiving notice of any disability, but is dependent upon the fact of such disability. It is provided in the contract, as a part of the total and permanent disability clause, that ten dollars per month of each one thousand dollars of the sum insured under the policy will not be paid for a longer period anterior to receiving a notice than six months; but the contract does not provide that notice, as a condition of liability, must be received and approved by the company at any particular time. It provides that if received within ninety days of the beginning of the total and permanent disability, then payment will begin from the date of the total disability; if received after ninety days from the beginning of the total and permanent disability, payment does not begin until the end of the ninety-day period; and if received at a later date than ninety days, under its term, the company is not liable for more than a six months' period, anterior to the date of receiving the notice.

This case is not governed by cases of the type of Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445, 145 So. 887, and New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314, and other cases having like clauses. It appears that there are two classes of cases, one of which requires, as a condition precedent, that the proof of disability be received by the company before any premiums are waived, and before benefits will accrue under their terms, where clauses of this character

are contained in the policies. In the second class of cases, where the policy does not require that proof shall be received before the waiver of premiums will take place, or before benefits will accrue, the waiver does not depend upon the time the proof was filed, but upon the happening of the disability. This latter class of insurance is not dependent upon furnishing the company with proof of permanent and total disability, but does depend upon the happening of total and permanent disability, and the proof of such, in a given time, is not required in order for a cause of action to arise, but in order to mature the first installment of benefits due under the policy.

We have not decided this class of cases. There are few cases from other jurisdictions dealing therewith, and two cases only are called to our attention having the precise disability clause as is herein involved, and they conflict. Consequently, we must determine, for ourselves, what is the proper construction of the provisions contained in the insurance policy in the case at bar. One of the cases construing the clause herein involved is that of Ætna Life Ins. Co. v. Davis, 187 Ark. 398, 60 S. W. (2d) 912, in which it is held that: "Under policy precluding recovery for a period greater than six months prior to proof of disability, where not made and received within 90 days after disability has commenced, insured's failure to make proof 90 days prior to expiration of policy held not to absolutely defeat his right of recovery." At page 913 of 60 S. W. (2d), in discussing the question, the court said: "The first ground for reversal presented by counsel and upon which he seems chiefly to rely is that plaintiff 'failed to prove that Harvey A. Davis made proof to the Home Office of the Company as required by the policy and for that reason there can be no recovery in this case.' In developing this contention, counsel assert that 'the failure of the insured to make proof ninety days prior to the expiration of the policy defeats absolutely plaintiff's right of recovery.' This contention

and the supporting argument appears to be based on the assumption that the contract of insurance prescribed the time, form, and place of the making of proof of disability, and that the failure to do this in the manner specified works a forfeiture of the insured's right to recover. There may be such conditions in contracts of insurance, but we do not find any such in the one before us. It is a familiar rule that contracts of insurance should be construed so as to effectuate the intention of the parties, and in cases of ambiguity the doubtful questions should be resolved in favor of the insured. In order to sustain the contention of the appellant, something must be read into the policy which the appellant company failed to incorporate therein. The only restriction we find in the contract is that no recovery can be had for a period of time greater than six months previous to the date the proof of disability is made and received by the company where it is not made and received within ninety days after the disability has commenced. There is no mode specified by which the proof of loss is required to be made or how it is to be transmitted to the insurer. From a fair consideration of the contract, the right to recover must be based on the total and permanent disability occurring during the life of the contract and not on any particular time when proof is made and received. Hope Spoke Co. v. Maryland Cas. Co., 102 Ark. 1, 143 S. W. 85, 38 L. R. A. (N. S.) 62, Ann. Cas. 1914A, 268; Sovereign Camp, W. O. W., v. Meek, 185 Ark. 419, 47 S. W. (2d) 567. If, therefore, the disability exists and commenced when the contract was in force, it is immaterial how or when proof is made, if within the statutory period, and recovery may be had for the damage sustained, excluding that occurring beyond six months from the time proof is made.''

Another decision construing the same clause as is involved in the case at bar is Fauer v. Ætna Life Ins. Co. (C. C. A.), 70 F. (2d) 693, 695, in which case it was held that where the insured became totally and permanently

disabled on February 9, 1931, before attaining sixty years of age, but failed to pay the monthly premium due on May 9, 1931, though given more than fifteen days' notice, or any monthly premiums thereafter, and died on October 27, 1931, and insurer was given no notice until after November 7, 1931, when it was advised that the insured's death was caused by cancer after a long illness, the total benefits in said policy were held not to have prevented a lapse of the policy. On this point the court said that: "The second point has to do with the effect of the total disability provision above set forth. The insured was disabled several months before the claimed lapse of the policy for nonpayment of the May premium. The disability provision made available two kinds of benefits: First, a waiver of premiums falling due after such disability. Second, an income during disability. The circumstances under which these benefits became available are stated. They are conditioned upon the occurrence of total disability before default in the payment of premium. That condition was fulfilled. If disability continues for a period of ninety days, it shall be presumed to be permanent even if evidence that it was in fact permanent has not previously been furnished. In the event of such presumptive establishment of permanency, the insured becomes entitled to the benefits from the end of the ninety-day period or from a date not more than six months previous to the time when satisfactory evidence of disability is received by the company at its home office if the ninety-day period expires more than six months before such evidence is received. Notwithstanding the foregoing circumstances under which these benefits are available, however, an absolute condition upon their accrual is incorporated into the same paragraph which provides in plain and simple language whose meaning is unequivocal that no benefit shall accrue before the expiration of said ninety days unless during that period evidence satisfactory to the company is received at its home office, while the insured is living, that the total

disability will be permanent, in which event benefits will accrue from the commencement of disability. This condition clearly applies to benefits claimed for the ninety-day period or for some portion of it and has no bearing on the issue here. The decisive factor is the limitation upon the accrual of any benefits prior to a date six months before satisfactory evidence of disability is received at the home office of the company. No evidence whatever of such disability was received by the company until it received the above-quoted letter and proof of death, after November 7, 1931, and before November 10, 1931, the date on which it replied by claiming the lapse. It appears that this was not evidence of disability satisfactory to the company, and, unless it was bound to be satisfied with it, no benefits ever accrued. If no benefits accrued, there was no waiver of premiums unpaid and the policy lapsed as claimed.''

We think the better reasoning is in the Arkansas case. In other cases, having somewhat different provisions in the policies, the courts have adopted the Arkansas case. In the case of Kimel v. Missouri State Life Ins. Co. (C. C. A. 10), 71 F. (2d) 921, 924, the issue was as to whether notice and proofs were required to be furnished prior to the time the insured attained the age of sixty years, as a condition precedent to recovery, and the court held that, under the provisions of the policy, the furnishing of notice and proof of disability before age sixty was not a condition precedent to the right of recovery. In the course of the opinion the court said that: ''Under the insurance contract the obligation to pay total and permanent disability benefits is not conditioned on disability arising and proof being made thereof before the insured attains the age of sixty, but only on such disability arising before the insured attains that age. . . . Proof of such disability is only required to mature the first and subsequent monthly installments. . . . Proof fixes the time of payment, but disability arising

before assured has attained the age of sixty raises the obligation to pay.'' See, also, 33 C. J., sec. 661, p. 14.

We deem it unnecessary to set out and review the many cases cited bearing on policies with provisions different from the one before us.

It is contended that the letters written to the insurance company in February and March, 1932, do not constitute proof of disability. It must be remembered that on receipt of these letters the company denied liability altogether, and did not demand proof in any form or manner, nor did it complain of the insufficiency of proof furnished, and it will be seen, from its own records, that it declined to consider the question of liability. Under such circumstances, it would have been useless to have furnished the insurance company proof of disability, because the appellee was advised that it would not avail him anything.

It is also contended that appellee failed to meet the burden of proof that he was totally and permanently disabled at the time of the lapse of the policy. As stated, there was a great deal of evidence, and considerable conflict; but we think there was sufficient evidence of the appellee's disability to carry the case to the jury, and the jury's finding on the conflicting evidence establishes the facts favorably to the appellee. These facts so found to be true are sufficient to sustain the verdict.

As to the contention that the disability must have existed for three months prior to August 25, 1929, we think the contention is unsound. If the disability existed at the time the premium matured, the company had waived it on account of the disability and the terms of its policy.

We have heretofore held that, when a person is shown to have tuberculosis in an active stage, such person's affliction constitutes total and permanent disability; because it is necessary for him to cease all activities, he is

not required to exert himself as long as he is so afflicted because of the ravages of that disease.

We find no reversible error, and the judgment of the court below is affirmed.

Affirmed.