EQUITABLE LIFE ASSUR. SOC. *v.* SLAUGHTER.

(Division B. Feb. 1, 1937. Suggestion of Error Overruled March 15, 1937.)

[172 So. 300. No. 32476.]

Watkins & Eager, of Jackson, and Wilbourn, Miller & Wilbourn, of Meridian, for appellant.

Frank K. Ethridge and Geo. B. Neville, both of Meridian, for appellee.

Argued orally by **Pat Eager**, for appellant, and by **Frank K. Ethridge**, and **Geo. B. Neville**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Lauderdale county to recover the sum of $75 per month covering the period from November 1, 1933, to February 1, 1936, under the total and permanent disability provisions of two life insurance policies issued to him by appellant, one for $5,000 and the other for $2,500. There was a verdict and judgment for the amount sued for, with interest. From that judgment, appellant prosecutes this appeal.

The questions are (1) whether or not proofs, as provided in the policies, of total and permanent disability had to be made before appellee reached the age of 60; (2) whether or not there had previously been an accord and satisfaction between the parties as to the benefits, both past and future, and if not, (3) whether the judgment was for an amount in excess of what appellee was

entitled to recover. We will consider those questions in the order stated.

The $5,000 policy provided for the payment of that sum on the death of the insured, and while living, $50 a month for a total and permanent disability occurring before the age of 60; and the $2,500 policy provided for the payment of that sum on the death of the insured and $25 a month for a total and permanent disability occurring before the age of 60.

Appellee was born May 30, 1872, therefore he was 60 years of age on May 30, 1932. He claimed to have become totally and permanently disabled because of a disease of the heart on January 1, 1931. He made proofs of the disability on the 14th of May, 1932. Appellant, after receipt and consideration of the proofs, refused to pay the benefits, whereupon appellee brought suit to recover them. This suit was pending on the 19th day of October, 1933, when appellee and his wife executed and delivered to appellant the following "Receipt and Release:"

"The undersigned Edward A. Slaughter, and his wife, Annie Rebecca Slaughter, hereby acknowledge receipt of the sum of one thousand dollars ($1,000.00), cash in hand paid to them by The Equitable Life Assurance Society of the United States, in full and complete settlement of all claims, demands and causes of action of every nature whatsoever under the terms and provisions of two policy contracts of life insurance issued by said company to the said Edward A. Slaughter as the assured, and wherein the said Mrs. Annie Rebecca Slaughter is beneficiary, the first of said policies being dated November 13, 1925, in the face amount of five thousand dollars ($5,000.00), and numbered 3 863 733, and the other policy dated May 14, 1926, in the face amount of twenty-five hundred dollars ($2,500.00), and numbered NM 4 053 678, insofar as the total and permanent disability benefits provisions of said policy contracts are concerned, up to the present date.

"By the provisions of said policies in case of total and permanent disability on the part of the named assured, as therein provided, certain monthly instalments are provided for the benefits of the assured upon satisfactory proof of such disability, as therein expressly provided, and the above mentioned sum of one thousand dollars ($1,000.00) is paid, and received by the undersigned, in full and complete settlement of all such total and permanent disability benefits provisions under both of said policies up to the present date of October 19, 1933, with the further understanding that the acceptance of said sum shall in no wise be construed as any waiver or relinquishment of any future right on the part of the said named assured to make claim for any other benefits provided by the terms of said policies, or either of them, in the future.

"Suit was filed by the undersigned Edward A. Slaughter in the Circuit Court of Lauderdale County, at Meridian, Mississippi, and against the said The Equitable Life Assurance Society of the United States to recover the disability benefits provisions of both said policy contracts, and said suit shall be dismissed with prejudice, at the cost of the defendant.

"It is further distinctly understood and agreed that the payment of said sum and the consummation of this settlement shall in no wise be construed as any admission of liability whatsoever on the part of the said Equitable Life Assurance Society of the United States, but that same is in full and complete compromise of all said demands by reason of said disability benefits provisions up to the present date; and shall neither be construed as any admission of liability by reason of any claims which may be propounded by the assured hereafter, and without prejudice on the part of the said Equitable Life Assurance Society of the United States to defend any future action.

"It is further distinctly understood and agreed that any claim now or hereafter to be submitted in connection

with said policies or either of them by the undersigned assured shall be treated and submitted as a new claim and new proofs filed in connection therewith.''

Appellant's contention is that by this ''Receipt and Release'' it was discharged from all liability, both past and future, under the total and permanent disability provisions of the policies, while appellee's position is that only such liability up to the first of November, 1933, was discharged.

Proofs of the continuation of the original disability were made in January, 1934. This suit was brought to the April, 1936, term of the court and, as above stated, was to recover the benefits claimed for the period from November 1, 1933, to February 1, 1936; in other words, the period since the execution of the ''Receipt and Release.'' It will be observed from what has been stated that the first proofs of total and permanent disability were made before, and the last proofs after, appellee had reached the age of 60 years. The provisions of the policies with reference to total and permanent disability follow:

''And further, if the Insured becomes wholly and permanently disabled before age 60 the Society will waive subsequent premiums and pay to the Insured a Disability-Annuity of Fifty Dollars a month, subject to the terms and conditions contained on the third page hereof. This insurance is granted in consideration of the payment in advance of One Hundred Fifty-eight and 20/100 Dollars and of the payment semi-annually thereafter of a like sum upon each thirteenth day of May and November until the death of the Insured. These payments include a semi-annual premium of $2.60 for the Double Indemnity and of $11.70 for the Total and Permanent Disability provision granted under this contract. Upon any anniversary of this policy said Double Indemnity and Disability provisions may be discontinued by returning this policy to the Society for proper endorsement, with a written request signed by the Insured (or assignee

if any) and thereafter the payment of the premiums for such provisions shall not be required. The Privileges and Conditions stated on the subsequent pages hereof form a part of this contract as fully as if recited at length over the signatures hereto affixed.''

Page 3 of the policies, under the heading ''Privileges and Conditions'' contained the following:

''Total and Permanent Disability

'' (1) Disability benefits before age 60 shall be effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which the Insured's age at nearest birthday is 60 years, in which event the Society will grant the following benefits:—(a) Waive payment of all premiums payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent Disability; and (b) Pay to the Insured a monthly Disability-annuity as stated on the face hereof; the first payment to be payable upon receipt of due proof of such Disability and subsequent payments monthly thereafter during the continuance of such total and permanent Disability. (Note) Any premiums so waived and any Disability annuity so paid shall not be deducted from any amount payable in any settlement of this policy. Disability shall be deemed to be Total when it is of such an extent that the Insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such Total Disability shall be presumed to be Permanent when it is present and has existed continuously for not less than three months; and, further, the entire and irrecoverable loss of sight of both eyes, or the severance of both hands at or above the wrists, or of both feet at or above the ankles, or of one entire hand and one entire foot, will of themselves be considered as Total and Permanent Disability within the meaning of this provision.

"(II) Disability Benefit after age 60. In case the Insured after attaining age sixty, and while this policy is in full force and effect, becomes totally and permanently disabled as above described, and furnishes due proof thereof, the Society, subject to the conditions above stated, will on each subsequent anniversary date of this policy during the continuance of such disability waive payment of the premium, if any, for the ensuing policy year, whereupon the amount of insurance shall become reduced by the amount of premiums so waived and subsequent premiums and loan and surrender values shall be reduced proportionately.

"(III) Recovery from Disability. The Society shall have the right at any time or times during the first two years after receipt of such proof of disability, but thereafter not more frequently than once a year, to require proof of the continuance of such total disability. If the Insured shall fail to furnish satisfactory proof thereof, or if it appears at any time that the Insured has become able to engage in any occupation or perform any work for compensation of financial value, no further premiums will be waived and no further disability-annuity payments will be made hereunder on account of such disability.

"(IV) Military or Naval Service. Disability resulting directly or indirectly from military or naval service in time of war is not a risk assumed by the Society."

In appellant's original brief it seems to contend that the disability must have occurred before the age of 60 and the proofs also must have been made before that time. That is true as to the disability, but not as to the proofs. There is nothing in the policies which requires proofs to be made before the age of 60.

All the provisions of the "Receipt and Release" should be construed together. Although it provides that the pending suit should be dismissed with prejudice, it also provides in at least three different places that it was

only a compromise and settlement of the benefit provisions of the policies up to date. The last paragraph provides that it was distinctly understood and agreed that any claim thereafter under the policies "shall be treated and submitted as a new claim and new proofs filed in connection therewith." The suit compromised was for a much larger amount than the sum paid in settlement—$1,000.

We think it plain that only the monthly benefits which had accrued up to the time of the execution of the "Receipt and Release" were compromised and settled, and not the issue of whether appellee had become totally and permanently disabled before reaching the age of 60, continuing up to the time of the compromise. That question was left open. In other words, so far as the future was concerned the matter was left standing exactly as it was; it was still an open question whether the disability was total and permanent and originated before appellee reached the age of 60.

If there were any ambiguity in the "Receipt and Release" it appears to have been cleared up by the correspondence which took place between the parties. Upon its receipt by appellee for the signatures of himself and his wife, he wrote appellant's attorneys that he would not sign the release unless they would treat any disability claim he might make in the future "as a continued disability." Appellant's attorneys wrote appellee's attorneys in reply to that letter. Among other things they stated in the letter "our agreement was for a payment of the sum of $1,000.00 in full and complete settlement of all claims on account of the disability benefit provisions up to the present date, as expressly agreed between us, without prejudice to any future right he may have under the policy contracts, all as set forth in the release which we sent you." The words "any future right" could not have referred to a disability originating after the age of 60; both parties were bound to

have known that from the plain provisions of the policies.

The judgment recovered includes the monthly benefits accruing between the compromise and the making of the last proofs, as well as those accruing thereafter up to the first of February, 1936. Appellant contends that under the authority of Mutual Life Ins. Co. v. Hebron, 166 Miss. 145, 146 So. 445, and New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314, there could be no recovery for the benefits accruing preceding the proofs. We have no right to decide this question, because it was not raised by appellant in the pleading, and it appears from the record that the point was first made in this court.

Affirmed.