Cox *v.* Lamar Life Insurance Company.

In Banc. Jan. 23, 1950.

No. 37348 (43 So. (2d) 884)

Robin Weaver and John F. Frierson, for appellant.

. . . ,""

Wells, Wells, Newman & Thomas, for appellee.

McGehee, C. J.

On December 20, 1923, the Lamar Life Insurance Company issued and delivered a certain policy of insurance on the life of the appellant, Davis Shackleford Cox, who was then 38 years of age. The policy was in the face amount of $10,000 on the 20-year payment plan, and provided for the payment of an annual premium in the sum of $336.50, all of which premiums were fully paid without any default when the same became due and payable.

On October 12, 1942, the appellant Cox became totally disabled in contemplation of the provisions of the policy of insurance in regard to the waiver of premiums and the payment of monthly income disability benefits. However, he failed to submit proof to the insurer in regard to his total and permanent disability before the anniversary date of the policy nearest the insured's attained age of 60 years, and as provided for in the contract of insurance, the 60th birthday of the insured having been attained on September 24, 1945, and the nearest anniversary date thereto of the policy being on December 20, 1945.

After the insured became totally and permanently disabled, he went to Bonita Springs, Florida, for his health, where he remained for the next few years, and he overlooked the fact that his policy contained the provisions for permanent disability benefits, waiver of premiums, and monthly income during disability until he

finally gave notice in 1947 to the insurance company through one of its agents, in Lowndes County, Mississippi.

Thereupon the insurer denied liability for the return of the annual premiums paid by the insured during the period of disability, and for the payment of the monthly income disability benefits, either prior to·the giving of such notice or thereafter. Whereupon this suit was filed for the recovery of the annual premiums paid for the year 1942 and successively thereafter in like amount for each year until the policy was paid up under the twenty-payment plan, and for the sum of $100 per month, from October 12, 1942, to date of the final decree, together with legal interest thereon.

A general demurrer to·the bill of complaint was interposed by the defendant insurance company, and upon the complainant declining to plead further after the demurrer had been sustained, a final decree was rendered dismissing the suit.

The provision of the policy which covers the benefits sued for reads as follows: ''(Clause 'B')—If after one full annual premium shall have been paid in cash, and while the policy is still in full force, without default in the payment of any subsequent premium, and not as paid-up. or extended insurance under the non-forfeiture provisions, and before the anniversary date of the policy nearest the insured's attained age of sixty years, the insured shall furnish proof satisfactory to the Company that he has become incurably, wholly and permanently disabled by bodily injury or by disease from causes originating after the delivery of this policy, and entirely beyond the control of the insured, and will be, presumably, thereby permanently and continuously prevented from engaging in any and every occupation whatsoever for remuneration or profit and that such disability has then existed for not less than sixty days, then—. . .''. (Here follow the stipulations for the waiver of the premiums

and payment of the monthly income of $100 per month during the continuance of the disability.)

Although the allegations of the bill of complaint, which were admitted by the demurrer, disclosed that the insured had paid all the annual premiums while the policy was still in full force, and had become disabled on October 12, 1942, within the terms and provisions of the said Clause B of the policy, they did not disclose that "before the anniversary date of the policy nearest the insured's attained age of 60 years" he had furnished proof satisfactory to the company of such disability, but on the contrary the averments of the bill of complaint affirmatively disclosed that there was a failure either to give notice or to submit any proof of such disability.

A similar provision to the foregoing Clause B of the contract was involved in the case of Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445, 145 So. 887, and a compliance therewith was held to be a condition precedent to liability. The appellant Cox in his brief has called attention to the fact that in the Berry case some of the annual premiums were in default which accrued during the period of disability, whereas in the instant case all of the annual premiums were kept fully paid as they became due and payable. However, ▮▮ it was just as essential that the insured in the instant case should have furnished proof to the company "before the anniversary date of the policy nearest the insured's attained age of 60 years" that he had become wholly and permanently disabled within the terms of the policy as that he should have been without default in the payment of any subsequent premium, after one full annual premium had been paid. A failure to comply with either of such provisions would be fatal to the claim for the recovery of these benefits.

In the case of Berry v. Lamar Life Insurance Company, supra [165 Miss. 405, 142 So. 446], the court pointed out that there is "sound reason why insurance companies

should be permitted in their policies a provision requiring proof to be made before the waiver of the policy becomes effective . . .", and also that "it should have opportunity to investigate the facts at the time the disability occurs or accrues upon which the waiver of premiums depends." In the instant case, the insured had from October 12, 1942, until December 20, 1945, to furnish the proof of disability. Unfortunately for him, he overlooked that his policy contained the provisions now sought to be invoked.

We have carefully examined the several decisions, such as New York Life Insurance Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A.L.R. 314; Equitable Life Assur. Soc. v. Slaughter, 178 Miss. 366, 172 So. 300; Aetna Life Ins. Co. v. Roberts, 174 Miss. 278, 164 So. 311, and the other cases cited by both the appellant and the appellee, and we are unable to escape the conclusion that the present case is controlled by the case of New York Life Ins. Co. v. Alexander, supra, and Berry v. Lamar Life Ins. Co., supra, and that the case of Aetna Life Ins. Co. v. Roberts, supra, is to be distinguished on the ground that, as pointed out by the court therein, the disability was the condition precedent upon which liability depended, and not the furnishing of satisfactory proof within the time provided for.

Nor do we think that Section 724, Code of 1942, renders Clause B of the contract invalid, as changing by contract the statute of limitation within which an alleged liability may be asserted and sued on. The clause of the contract here under consideration prescribes the condition upon which the liability may arise, and does not undertake to change the limitation prescribed by our statutes as to when a suit may be brought after the liability accrues. Moreover, this question was decided adversely to the contention of the appellant in the Berry case.

From the foregoing views it follows that we are of the opinion that the action of the trial court in sustaining the

demurrer to the bill of complaint was correct, and that the entry of a final decree which dismissed the bill upon the complainant declining to plead further should be affirmed.

Affirmed.