FRANKLIN LIFE INS. CO. *v.* STRIBLING.

Feb. 2, 1953

No. 38647　　18 Adv. S. 25　　62 So. 2d 563

*Brewer & Brewer* and *Wm. O. Luckett,* for appellant.

422

*J. L. Ritter* and *Holcomb & Curtis,* for appellee.

HOLMES, J.

The appellee filed his original bill against the appellant in the Chancery Court of Coahoma County, seeking the recovery of disability benefits and the enforcement of premium waiver provisions under a policy of insurance issued by the appellant on the life of the appellee. A copy of the policy was exhibited to and made a part of the bill. The policy insures the life of the appellee for the principal sum of $3,000.00, payable to his wife upon the receipt by the company of due proof of his death. A supplemental agreement attached to and forming a part of the policy, and for which an extra premium was charged, provides for disability benefits and waiver of premiums. Pertinent provisions of this supplemental agreement are as follows:

"IF DUE PROOF shall be furnished to the Company at its Home Office that the Insured, after the payment of the first premium on said Policy and before default in payment of any subsequent premium, and before the anniversary of said Policy on which the Insured's age at nearest birthday is sixty years, has either (a) become totally and permanently disabled by bodily injury or disease so that he is and will continue to be for life totally and permanently prevented thereby from the performance of any work or the transaction of any business for compensation or profit, or (b) been totally and continuously disabled for a period of not less than three consecutive months and during all of that time has been prevented thereby from the performance of any work or the transaction of any business for compensation or profit, then the Company upon approval of such proof and endorsement on the Policy will grant the following benefits:

"WAIVER OF PREMIUM: The Company agrees to waive further payment of premiums under said Policy during the period of disability, commencing with the premium due next after the date of approval of proof thereof. Any premiums so waived shall not be deducted from the sum payable in any settlement of said Policy but the waiver of premium payments shall have the effect of providing the same values and benefits as though the premiums waived had actually been paid in cash.

"MONTHLY INCOME: The Company further agrees to pay to the Insured a monthly income of $10 for each $1,000 of the principal sum insured under said Policy during the period of disability subsequent to the date of approval of proof thereof, the first monthly income payment to become due on the first day of the calendar month next after the date of such approval. Any income payment so made shall not be deducted from the sum payable in any settlement of said Policy. Interest on any indebtedness to the Company on said Policy shall be deducted from the income payments herein provided.

"DISCONTINUANCE: This agreement for disability benefits shall immediately terminate, (a) if the Insured shall engage or take part, voluntarily or otherwise, in any branch of Military or Naval Service in time of War, or (b) if any change is made in the plan or principal sum insured of said Policy, except that in such event a new disability Agreement may, at the option of the Company, be attached to the rewritten Policy, subject to an adjustment of the rate required, if any, or (c) if said Policy shall by reason of default in payment of premium be continued in force under any non-forfeiture provision thereof. Upon written request by the Insured, accompanied by this Policy for endorsement, this Agreement for disability benefits may be discontinued."

The policy also contained the following non-forfeiture provision:

"NON-FORFEITURE: This Policy is automatically non-forfeitable as follows: After premiums on this Pol- .

icy shall have been paid in cash for three full years, if any subsequent premiums is not paid before the expiration of the period of grace herein allowed, this Policy will, without action of the Insured or payment of further premiums, continue as non-participating paid-up term insurance for the principal sum insured, but without loan values, as follows: . . .''

It was alleged in the original bill that the policy was issued April 27, 1928, and that all premiums due thereon were promptly paid except the quarterly premium due on October 27, 1951, with a grace period of 31 days, which the appellee was prevented from paying because of his claimed disability; that appellee's disability occurred on or about October 13, 1950, when he suffered a heart attack, and thereafter became progressively worse until on or about January 31, 1951, when he had another severe heart attack and he was then hospitalized for seven weeks, and continuously thereafter was hospitalized or confined to his bed most of the time and has continued permanently and totally disabled; that on December 3, 1951, acting through his attorneys, he demanded of the appellant the disability benefits provided for in the aforesaid policy; that liability for such disability benefits was wholly denied by the appellant upon the ground that the policy had lapsed for the non-payment of the quarterly premium due October 27, 1951.

The appellant demurred to the original bill and the demurrer was overruled. An appeal was granted to the appellant from the interlocutory decree overruling the demurrer for the purpose of settling the controlling principles involved in the cause.

It is the contention of the appellant that under the provisions of the supplemental agreement providing for disability benefits, the furnishing of due proof to the company prior to default in the payment of the premium was a condition precedent to the appellant's liability under the policy for the disability benefits, and that since

such proof was not furnished prior to default in the payment of the October 27, 1951, premium, the appellee is not entitled to the disability benefits provided for in the policy. This contention of the appellant is based upon the following provision of the supplemental agreement for disability benefits, which we quote, omitting the inapplicable parts thereof, as follows: "If due proof shall be furnished to the company at its home office that the insured, after the payment of the first premium on said policy and before default in payment of any subsequent premium, . . . has either (a) become totally and permanently disabled . . ., or (b) been totally and continuously disabled for a period of not less than three months . . ." The appellant construes this provision of the policy to mean that prior to default in the payment of any subsequent premium, due proof of disability must be furnished to the company. We are unable to agree with appellant on this construction. We think that the language of the provision is clear and unambiguous and that it clearly means, not that the proof must be furnished to the company before default in the payment of the premium, but that the disability before default in the payment of the premium is a condition precedent to the company's liability for the disability benefits.

Under the appellant's construction of this provision of the policy, the appellant would transpose the phraseology of the provision to read as follows: "If due proof shall be furnished to the company at its home office, after the payment of the first premium on said policy and before default in the payment of any subsequent premium, that the insured has either (a) become totally and permanently disabled . . ., or (b) been totally and continuously disabled for a period of not less than three consecutive months . . ." We do not feel warranted in so transposing the phraseology of this provision of the policy. We think that it is clear from the language of the provision that it is the disability prior to default which is a con-

dition precedent to the company's liability, and not the furnishing of proof prior to such default. Appellant relies strongly upon the cases of New York Life Insurance Company v. Alexander, 122 Miss. 813, 85 So. 93, Berry v. Lamar Life Insurance Company, 165 Miss. 405, 142 So. 445, and Cox v. Lamar Life Insurance Company, 208 Miss. 146, 43 So. 2d 884. In each of the cases cited, however, the language of the policy under review clearly required as a condition precedent to the company's liability that the proof of disability be received by the company prior to default in the payment of the premium. These cases are, therefore, not applicable to the case at bar for the reason that the policy provision here under review requires as a condition precedent to the company's liability for disability benefits that the disability occur prior to default in the payment of the premium and due proof thereof may be thereafter made.

A policy provision similar in effect to the policy provision here under review was before this Court in the case of Aetna Life Insurance Company v. Roberts, 174 Miss. 278, 164 So. 311, which provision read as follows: "If before default in payment of premium the insured becomes totally and permanently disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit, the following benefits will be available; . . ."

In construing this provision to mean that disability prior to default in the payment of the premium was a condition precedent to liability for disability benefits, the Court said:

"This case is not governed by cases of the type of Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445, 145 So. 887, and New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314, and other cases having like clauses. It appears that there are two classes of cases, one of which requires, as a condition precedent,

that the proof of disability be received by the company before any premiums are waived, and before benefits will accrue under their terms, where clauses of this character are contained in the policies. In the second class of cases, where the policy does not require that proof shall be received before the waiver of premiums will take place, or before benefits will accrue, the waiver does not depend upon the time the proof was filed, but upon the happening of the disability. This latter class of insurance is not dependent upon furnishing the company with proof of permanent and total disability, but does depend upon the happening of total and permanent disability, and the proof of such, in a given time, is not required in order for a cause of action to arise, but in order to mature the first installment of benefits due under the policy.''

 █ We think that the provisions of the policy in the case at bar bring this case within the class where the policy does not require that proof of the disability be received before default in the payment of the premium but requires that the disability occur before such default. It is argued by the appellant, however, that the maintenance of the policy in force under the non-forfeiture provisions thereof terminated the right of the insured to disability benefits. This argument is based upon the following provision of the policy:

''DISCONTINUANCE: This agreement for disability benefits shall immediately terminate, (a) if the Insured shall engage or take part, voluntarily or otherwise, in any branch of Military or Naval Service in time of War, or (b) if any change is made in the plan or principal sum insured of said Policy, except that in such event a new disability Agreement may, at the option of the Company, be attached to the rewritten Policy, subject to an adjustment of the rate required, if any, or (c) if said Policy shall by reason of default in payment of premium be continued in force under any non-for-

feiture provision thereof. Upon written request by the Insured, accompanied by this Policy for endorsement, this Agreement for disability benefits may be discontinued.''

The fallacy of the appellant's argument is that under the quoted provision of the policy the *agreement* for disability benefits terminates if by reason of default in the payment of premium the policy be continued in force under any non-forfeiture provision thereof. ▮▮ This has reference, however, to the *agreement* for disability benefits and is not effective to terminate the right of the insured to disability benefits which accrued prior to the default. Under the quoted provision of the policy, if the insured had made default in the payment of the premium and the policy was being thereafter continued in force under a non-forfeiture provision thereof, and the insured thereafter suffered disability, there would be no liability on the part of the company therefor, because the agreement for disability benefits would have thereby been terminated prior to the occurrence of such disability.

It clearly appears from the allegations of the original bill that the appellee's disability occurred prior to default in the payment of the October 27, 1951, premium, and that he thereafter and within a reasonable time made demand upon the company for disability benefits, and that the company denied liability therefor. We think that it was appellee's disability prior to default that constituted a condition precedent to the company's liability, and not the furnishing prior to default of due proof of such disability.

Since under the terms of the policy, the right to disability benefits accrued prior to default in the payment of the quarterly premium due October 27, 1951, it is not necessary for us to consider, and we do not consider, the question or effect, if any, of appellee's excuse for such non-payment.

We are accordingly of the opinion that the chancellor was correct in overruling the demurrer to the original bill and the decree overruling such demurrer is, therefore, affirmed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed and remanded.

*Roberds, P. J.,* and *Kyle, Ethridge,* and *Lotterhos, JJ.,* concur.