ROBERTSON, Justice.
Mrs. Ray C. Cumbest, widow of Ray C. Cumbest, brought suit in the Circuit Court of Jackson County against Provident Life and Accident Insurance Company to recover $5,000 life insurance on the life of her late husband alleged to be due under the terms of a group policy of insurance issued to International Paper Company for its employees. The circuit court, sitting as judge and jury, rendered judgment for $5,563.28, being life insurance and interest.
*570 Appellant assigns as error:
“The Court erred in holding for the Appellee for the reason that ‘due proof’ of total disability' was not furnished in order to obtain continuation of life insurance coverage without payment of life insurance premium.”
Cumbest worked as a millwright for International Paper Company and qualified for the group policy issued to the Craftsmen’s Council, the labor union of the employees of International. He became totally disabled in late 1968, and proof of total disability was furnished on January 1, 1969. Under the contract provisions of the group policy, he qualified for waiver of premium because ■ of total disability and continuation of the life provisions of the group policy. The Company acknowledged Cumbest’s total disability and raised no question about continuation of his total disability until it received Dr. John E. Leach’s “Attending Physician’s Statement of Continued Disability” on April 1, 1971. Dr. Leach, Cumbest’s physician, examined him on March 29, 1971, and reported Cum-best as being no longer totally disabled. On the attending physician’s report form, Dr. Leach answered the question as to when Cumbest would be able to return to work with the one word “indeterminate”.
The company again wrote Cumbest on April 7, 1971, enclosing another attending physician’s report form, and asking for a clarification of the word “indeterminate”. Cumbest took the “Attending Physician’s Statement of Continued Disability” form back to Dr. Leach. Dr. Leach filled out this form on April 19, 1971, stating that Cumbest was not now totally disabled and was able to go back to work on March 21, 1971. This Attending Physician’s Report was received by the company on May 17, 1971.
On May 28, 1971, the company wrote Cumbest, with a copy of the letter to the Union, “The Craftmen’s Council”:
“To be eligible for continuation of life insurance because of total disability, it is required that you be so disabled as to be prevented from working for compensation or profit and that you furnish proof of such total disability annually.
“Since your attending physician has shown that you are able to return to work and are no longer totally disabled, you are no longer eligible for continuation of life insurance.”
R. J. Whittington, the Union representative with the International Paper Company, spoke with Cumbest about the copies of various letters that he had received including the letter of May 28, 1971. Upon Whittington’s inquiry, Provident Life furnished additional attending physician’s report forms and suggested that Cumbest go see another doctor concerning his disability. Whittington and Cumbest went to another doctor’s office twice, but they never did see the doctor. No further proof of continuing total disability was submitted to the Company. Cumbest died on August 15, 1972, about fifteen months after receipt of the letter of May 28, 1971, advising him that he was no longer eligible for continuation of life insurance under the waiver of premium provision of the policy.
The pertinent provisions of the group policy concerning waiver of premium in the event of total disability were:
“If an insured Employee whose active work for the Employer ceases because of total disability beginning before his sixtieth birthday, submits to the Home Office of the Insurance Company due proof of such total disability and that it has continued without interruption for a period of not less than nine months and still exists, the Insurance Company will, by written notice- to the Employee, acknowledge the existence at that time of such total disability, but only if such proof is received during the Employee’s lifetime and within one year after dis *571 continuance of premium payments for his life insurance.
“After acknowledgment of the Employee’s total disability as described above, if the Employee submits annually thereafter within three months prior to the anniversary of the original acknowledgment, due proof that total disability has continued without interruption from the date the Employee ceased active work for the Employer and if death shall occur during the continuation of such total disability, then upon receipt at the Home Office of the Insurance Company within one year after death of due proof of such death and of such total disability, the Insurance Company will pay to the Employee’s beneficiary the amount of the Employee’s life insurance in force at the time of discontinuance of premium payments for such insurance.” (Emphasis added).
This was a valid provision of the contract of insurance. Not only did Cum-best fail to furnish annual proof of continued total disability, but also Dr. Leach’s attending physician’s reports of March 29, 1971, and April 19, 1971, actually stated that Cumbest was not now totally disabled. Cumbest died fifteen months later without furnishing any proof of the continuance of total disability as required by the contract of insurance in order to secure waiver of premium.
The United States Supreme Court in Bergholm v. Peoria Life Insurance Company, 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416 (1932), said in a similar case:
“Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof.” 284 U.S. at 491-92, 52 S.Ct. at 231, 76 L.Ed. at 419. (Emphasis added).
Mississippi has followed this rule of law that due proof of the continuance of total disability is a condition precedent to liability in the following cases: Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445 (1932); Mutual Life Ins. Co. v. Hebron, 166 Miss. 145, 146 So. 445 (1933); New York Life Ins. Co. v. Quinn, 171 Miss. 396, 157 So. 902 (1934); Metropolitan Life Ins. Co. v. Lindsey, 184 Miss. 359, 185 So. 573 (Miss.1939); Cox v. Lamar Life Ins. Co., 208 Miss. 146, 43 So.2d 884 (1950).
The trial court erred in rendering judgment for the plaintiff. The judgment is reversed and judgment rendered here for the defendant.
Reversed and rendered.
GILLESPIE, C. J., RODGERS, P. J., and INZER, SMITH, WALKER and BROOM, JJ., concur.