## New York Life Ins. Co. *v.* Quinn.

(Division A.   Dec. 10, 1934.)

[157 So. 902.   No. 31409.]

**Loving & Loving,** of Columbus, for appellant.

**T. G. Abernethy,** of Okolona, and **C. A. Bratton,** of Pontotoc, for appellee.

398

**Cook, J.**, delivered the opinion of the court.

Appellee instituted this suit against the appellant on a policy of life insurance to recover total and permanent disability benefits, under the following provisions of the policy:

"Upon receipt at the Company's Home Office, before default in payment of premium under said policy, of due proof that the insured is totally disabled as above defined, and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof has been totally disabled as above defined, the following benefits will be granted:

"Waiver of Premium.—. . .

"Income Payments.—. . .

. . . . . .

"This agreement shall automatically terminate if any premium on said policy shall not be duly paid or if said policy shall be surrendered; except that in event of default in payment of premium under said policy after the insured has become totally disabled as above defined, said policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the company not later than six months after said default."

The premium on this policy was payable quarterly on the 15th day of the months of April, July, October, and January, and the policy contained the usual provision for thirty days' grace in which to make payment of the premium. The proof shows that the last quarterly pay-

ment of the premium was made on April 15, 1931, and that the insured became ill on June 15, 1931.

The appellee's mother testified that, on July 14, 1931, she wrote a letter to the appellant company informing it that the appellee was running a temperature and was very nervous, and that she thought his mind was not normal, and that in this letter she gave the number of the policy and requested that blanks be forwarded for making proof of total and permanent disability. She further testified that she addressed this letter to the New York Life Insurance Company, New York City, and gave it to a postman unstamped, but that she gave the postman money with which to purchase the necessary postage and requested him to stamp it; that, in August, 1931, she wrote to an agent of the appellant company at Amory, Mississippi, and, in response to this letter, he afterwards came to see her at her store, and promised to help her with the matter; and that, in September, 1931, she again wrote to the appellant, informing it that the appellee was totally and permanently disabled and requesting blanks for proof of disability. The witness did not place any postage on this letter, but delivered it, with money to purchase the required postage, to a postman.

A physician who attended the appellee testified that he wrote a letter to the appellant company, informing it that the appellee had been sick for some time, and that he (the physician) "would appreciate your looking into the matter."

Witnesses for the appellant testified that the policy lapsed on account of the nonpayment of the premium due July 15, 1931, and that no notice or evidence relating to any claim for disability benefit was received by the company until this suit was filed.

There are two provisions in this policy setting forth the conditions under which disability benefits will be allowed. It is first provided that such benefits will be allowed "upon receipt, at the Company's Home Office, be-

fore default in payment of premium under said policy, of due proof that the insured is totally disabled,'' etc.; and this is followed by the further provisions that, if default in the payment of premium occurs after the insured has become totally disabled, the policy and all benefits thereunder will be restored, ''provided due proof that the insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the company not later than six months after said default.''

Under the first of these provisions, the further payment of premiums was waived, and the company was obligated to pay the prescribed disability benefits, only on condition that due proof of such disability was received by the company before default in the payment of any premium. The policy expressly provided that it would lapse, and the agreement to pay disability benefits would automatically terminate if there was default in the payment of premiums; and there was no waiver of premiums and no accrual of benefits unless due proof of disability was received by the insurer before such default, or unless, after default, the policy and benefits thereunder were restored by compliance with the second condition stated above. Under the said second provision of the policy, if default in the payment of premiums which causes the policy to lapse occurs after the insured has become totally disabled, the policy and all benefits thereunder may be restored by filing with the insurer, within six months after such default in the payment of premiums, proof that the insured is, and has been continuously, from date of such default, totally disabled, and that such disability will continue for life, or has continued for a period of not less than three consecutive months. Both of these conditions are conditions precedent to the waiver of premiums and to liability for the payment of

benefits; and, unless the appellee has complied with these conditions by making due proof of disability as therein required, there is no liability for benefits. New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314; Berry v. Lamar Life Insurance Co., 165 Miss. 405, 142 So. 445, 145 So. 887.

It is clear that due proof of disability was not furnished to the insurer before default in the payment of the installment of premium due July 15, 1931, or within the grace period; and consequently the policy lapsed on that date, and had no force or effect whatever at the time this suit was filed, unless it had been restored or reinstated by compliance with the second condition stated above, that is, by making the proof of disability required thereby within six months after such default in the payment of the July quarterly premium.

The only remaining question then is: Did the letters of the appellee's mother and attending physician constitute due proof of disability within the meaning of the provisions of the policy? The letter of the physician, which merely stated that the insured had been sick for some time and that an investigation would be appreciated by the physician, was wholly insufficient to impose any duty on the insurer, or to constitute proof of total and permanent disability. It is argued, however, that the two letters of appellee's mother to the insurer, notifying it of appellee's disability, and requesting blanks upon which to make proof of such disability, were sufficient notice to the company of such disability, and that, upon the failure of the company to furnish the required blanks, these letters, of themselves, constituted due proof of such disability.

It will be unnecessary here to determine whether the failure of an insurer to furnish, upon request, blanks for proof will relieve the insured of the duty of furnishing proofs, as we have reached the conclusion that in this case there is not sufficient evidence of the mailing of these

letters to give rise to the presumption that they were received by the addressee. Neither of these letters contained any postage when they were delivered to the mail carrier, nor was there a return address thereon. The giving of money to the postman with the request that he purchase the required postage and place it on the letters did not comply with the requirement that a letter must be stamped and mailed to raise the presumption that it was received by the addressee. It follows from the views above expressed that the peremptory instruction requested by the appellant should have been granted, and therefore the judgment of the court below will be reversed and judgment will be entered here for the appellant.

Reversed, and judgment for appellant.