# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CT-00095-SCT

*ZEONIA WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH HEIRS OF ANTHONY WILLIAMS, DECEASED*

*v.*

*DEBORAH SKELTON, M.D. AND STEVEN J. PATTERSON, M.D.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/13/2006 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | D. L. JONES, JR. |
| ATTORNEYS FOR APPELLEES: | KRISTI D. KENNEDY |
| | WHITMAN B. JOHNSON, III |
| | REBECCA LEE WIGGS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS AFFIRMED AND THIS CASE IS DISMISSED WITHOUT PREJUDICE - 04/09/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, PRESIDING JUSTICE, FOR THE COURT**:

¶1.     Deborah Skelton, M.D., and Steven J. Patterson, M.D., were sued for medical negligence as a result of the death of Anthony Williams. After suit was commenced by Zeonia Williams, individually and on behalf of Anthony Williams's wrongful-death

beneficiaries, Drs. Skelton and Patterson moved for a dismissal of the case, asserting that Zeonia Williams had failed to comply with the sixty-day notice requirement under Mississippi Code Annotated Section 15-1-36(15) (Rev. 2003). In due course, the trial court granted the motion to dismiss.[1] Williams appealed, arguing that, because the defendants were not served with a copy of the complaint and summons until more than sixty days after notice of the intention to sue had been received by the defendants, she had complied with the statutory provisions. Further, Williams asserts that, alternatively, even if the suit was properly dismissed, she is entitled to refile.[2] The Court of Appeals affirmed, and we granted certiorari only to clarify the manner of dismissal for failure to comply with Section 15-1-36(15).

## FACTS AND PROCEDURAL HISTORY

¶2.     Anthony Williams died on September 24, 2003, while undergoing treatment from Dr. Deborah Skelton and Dr. Steven J. Patterson. Zeonia Williams (Williams), individually and on behalf of the wrongful-death beneficiaries of Anthony Williams, retained counsel and

---

[1] In actuality, the trial court granted a traditionally filed motion for summary judgment, or alternatively, motion to dismiss. We take this opportunity to mention that whenever such a motion is granted concerning section 15-1-36(15), the trial judge should grant the alternative motion to dismiss so that the dismissal may be without prejudice, as discussed, *infra*.

[2] The Court of Appeals did not rule on this issue stating: "Our review of the record indicates that the trial judge specifically declined to rule within the judgment of dismissal with regard to the propriety of a subsequent suit. Therefore, without a trial court ruling on this issue, the matter is not properly before this Court at this time." ***Williams v. Skelton***, 2008 Miss. App. LEXIS 250, *3, ¶4 n.1 (Miss. Ct. App. Apr. 22, 2008).

decided to pursue a wrongful-death claim. On June 15, 2005, Drs. Skelton and Patterson were notified by letter of Williams's intent to file suit against them. On July 22, 2005, less than sixty days later, a complaint was filed in the Circuit Court of Hinds County. Process was served on October 19, 2005, and Drs. Skelton and Patterson timely answered. Thereafter, Dr. Skelton filed her Motion to Dismiss or for Summary Judgment, and Dr. Patterson filed his Motion for Summary Judgment or Motion to Dismiss and Joinder in Defendant Deborah Skelton, M.D.'s Motion to Dismiss or for Summary Judgment. The crux of these motions was that Williams had failed to comply with the sixty-day-notice requirement found in Mississippi Code Annotated Section 15-1-36(15) (Rev. 2003). Williams filed an amended complaint on November 9, 2005. On December 14, 2006, the Circuit Court for the First Judicial District of Hinds County, Judge W. Swan Yerger presiding, granted the motions and dismissed Williams's action for failure to satisfy the notice requirements of section 15-1-36(15).

¶3.    On December 21, 2006, Williams timely appealed, and the case was assigned to the Court of Appeals. The Court of Appeals affirmed the Hinds County Circuit Court's judgment of dismissal on April 22, 2008. *Williams v. Skelton*, 2008 Miss. App. LEXIS 250 (Miss. Ct. App. Apr. 22, 2008). Williams filed a motion for rehearing, which the Court of Appeals denied. *Williams v. Skelton*, 2008 Miss. App. LEXIS 505 (Miss. Ct. App. Aug. 19, 2008). Thus, Williams subsequently filed her petition for writ of certiorari, and this Court granted the petition on November 12, 2008.

3

**DISCUSSION**

¶4.    Before we address the issue which caused us to grant certiorari, we must address an issue raised for the first time via Williams's petition for writ of certiorari, whether section 15-1-36(15) is unconstitutional. Stated differently, once the defendants filed in the trial court their respective motions to dismiss or for summary judgment on the basis of noncompliance with section 15-1-36(15), Williams, in her separate responses to these motions, failed to raise the issue of the unconstitutionality of this statute. Since the constitutionality issue was not raised, the trial judge did not address this issue. After appealing the trial court's dismissal of this case, Williams did not assert in her appellate brief that section 15-1-36(15) is unconstitutional. Since the issue was not before it, the Court of Appeals did not address this issue. After the Court of Appeals issued a judgment adverse to Williams, she filed a motion for rehearing, again failing to raise the constitutionality issue. In her petition for writ of certiorari, Williams for the first time asserted that section 15-1-36(15) was unconstitutional as to the sixty-day-notice requirement.

¶5.    Since the issue of the constitutionality of section 15-1-36(15) was raised for the first time via her petition for writ of certiorari, Williams, through counsel, filed her Motion Notifying Attorney General of Challenge to Validity of Statute. Thereafter, Drs. Skelton and Patterson, through counsel, filed their Response to Petitioners' Motion Notifying Attorney General of Challenge to Validity of Statute. The Attorney General filed a Notice of Joinder in which he joined and adopted, *in toto*, the arguments of Drs. Skelton and Patterson in asserting that Williams is procedurally barred from attacking the constitutionality of the

4

statute; and that, alternatively, the unconstitutionality argument is without merit. Finally, Williams, through counsel, filed her Response to Notice of Joinder of the Attorney General of Mississippi.

¶6. This Court finds that Williams's assertion that section 15-1-36(15) is unconstitutional is procedurally barred because she raises this issue for the first time on appeal, and she did not give the trial court the opportunity to rule on this issue. In *Alexander v. Daniel*, 904 So. 2d 172, 183 (Miss. 2005), we stated

> We have been consistent in holding that we need not consider matters raised for the first time on appeal, which practice would have the practical effect of depriving the trial court of the opportunity to first rule on the issue, so that we can then review such trial court ruling under the appropriate standard of review. *See, e.g.*, *Triplett v. Mayor & Aldermen of Vicksburg*, 758 So. 2d 399, 401 (Miss. 2000) (citing *Shaw v. Shaw*, 603 So. 2d 287, 292 (Miss. 1992)).

*Alexander*, 904 So. 2d at 183.

¶7. Turning now to the issue on which we granted certiorari, Mississippi Code Annotated Section 15-1-36(15) requires that "[n]o action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." *See* Miss. Code Ann. § 15-1-36(15) (Rev. 2003). We agree with the Court of Appeals that this Court "has required strict compliance with the mandates of Mississippi Code Annotated Section 15-1-36 such that failure to satisfy the pre-suit notice requirement mandates dismissal of the plaintiff's complaint." *Williams,* 2008 Miss. App. LEXIS 250 at *4, ¶5 (citations omitted). We thus affirm the Court of Appeals' judgment in today's case. It must be clarified, however, that

5

dismissal for failure to provide notice under this statute ordinarily should be without prejudice. *Arceo v. Tolliver*, 949 So. 2d 691, 698 (Miss. 2006). Williams's complaint should have been dismissed without prejudice for her failure to comply with the pre-suit requirements. Additionally, we note that while the trial court did not use the words "without prejudice" in its judgment of dismissal, the trial court did state in its judgment, *inter alia*, that "any subsequent suit being filed in this Court by [Williams] arising from the death of Anthony Williams must have attached to it a copy of this Judgment of Dismissal . . . ."

**CONCLUSION**

¶8. Although we affirm the trial court and the Court of Appeals, we granted certiorari to reiterate that dismissal for failure to comply with the pre-suit requirements of Mississippi Code Annotated Section 15-1-36 should be without prejudice.

¶9. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS AFFIRMED AND THIS CASE IS DISMISSED WITHOUT PREJUDICE.**

**WALLER, C.J., DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ., CONCUR. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J. CHANDLER, J., NOT PARTICIPATING.**

**GRAVES, PRESIDING JUSTICE, DISSENTING:**

¶10. The majority opinion indicates that certiorari was granted "only to clarify the manner of dismissal for failure to comply with Section 15-1-36(15)." However, there is no order or anything else which indicates that certiorari was granted solely for that purpose. Because I

6

would find that Mississippi Code Annotated section 15-1-36(15) is unconstitutional or, alternatively, only requires substantial compliance, I respectfully dissent. Moreover, I write to reiterate my opinion on this issue as previously set out in *Thomas v. Warden*, 2008 Miss. LEXIS 600 (Dec. 11, 2008), *reh'g denied* (Feb. 12, 2009), and *Arceo v. Tolliver*, 949 So. 2d 691 (Miss. 2006).

¶11.    Section 15-1-36(15), states:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

Miss. Code Ann. §15-1-36(15) (Rev. 2003).

¶12.    In *Arceo*, this Court found that Section 15-1-36(15) should be strictly construed and that Tolliver's claim should have been dismissed because no notice was provided under the statute.    *Arceo v. Tolliver*, 949 So. 2d 691.  However, this Court further found that the constitutionality of this section was not raised on appeal and it was therefore not addressed.  *Arceo v. Tolliver*, 949 So. 2d 691. *Arceo* is distinguishable because, in the instant case, the constitutionality of the section has been raised.

7

¶13. Williams asserts that Mississippi Code Annotated section 15-1-36(15) is unconstitutional. Specifically, Williams asserts that 15-1-36(15) conflicts with *Rule 3 of the Mississippi Rules of Civil Procedure*, which governs the commencement of civil actions and requires only that a complaint be filed with the appropriate court.

¶14. "[T]he inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts." ***Claypool v. Mladineo***, 724 So. 2d 373, 380 (Miss. 1998). *See also* ***Newell v. State***, 308 So. 2d 71, 76 (Miss. 1975). Section 144 of the Mississippi Constitution says: "The judicial power of the State shall be vested in a Supreme Court and such other courts as are provided for in this Constitution." Miss. Const. art. 6, § 144. There is no notice requirement in the judicial rules.

¶15. Section 15-1-36(15) conflicts with section 24 of article six of the Mississippi Constitution, which guarantees "[a]ll courts shall be open . . . and justice shall be administered without sale, denial, or delay," because the sixty-day notice requirement impedes or delays citizens' access to courts.[3] A statute requiring a party to wait sixty days after providing notice constitutes a delay. Further, Williams has a First Amendment right to seek a redress of her grievances in a court of law. U.S. Const. amend. I.

---

[3] Miss. Const. art. 3, §24.

¶16.   I would find that section 15-1-36(15) is a procedural statute requiring sixty days'
notice and that this Court's finding in **Wimley v. Reid**, 991 So. 2d 135 (Miss. 2008), as to
section 11-1-58, is likewise applicable here.  In **Wimley**, this Court found:

> [W]e are unable to ignore the constitutional imperative that the Legislature
> refrain from promulgating procedural statutes which require dismissal of a
> complaint, and particularly a complaint filed in full compliance with the
> Mississippi Rules of Civil Procedure.  We find *Section 11-1-58's* requirement
> that a complaint be accompanied by a certificate or waiver to be just such a
> procedural statute.

*Id.* at 138.

¶17.   Further, the dissent in *Arceo* correctly addressed the implications of section 15-1-
36(15):

> The law, as interpreted by the majority, definitely is not in keeping with
> this principle [of freedom of access to the courts], but is in fact irrational,
> illogical, and unfair to those Mississippians seeking a redress of their
> grievance in a medical malpractice claim.  Furthermore, the application of the
> pre-suit notice requirement, as interpreted by the majority, unnecessarily
> restricts access to the courts.  The constitutional right of notice to the
> defendants was satisfied when Myrtis Tolliver filed her complaint.  The
> implementation and enforcement of an additional notice requirement, without
> any other method to cure, is inequitable, unconstitutional, and deprives this
> plaintiff of her day in court.

*Arceo*, 949 So. 2d at 699, 700 (Graves, J., dissenting).

¶18.   For these reasons, I find that section 15-1-36(15) is unconstitutional.  However,
assuming arguendo that the statute is constitutional, then substantial compliance is the
appropriate standard.

¶19.   Williams asserts that she complied with the notice provision, because the defendants
were not served with the complaint until more than sixty days after they had received notice

9

of her intention to sue.  Williams further asserts that she filed an amended complaint more than sixty days after the notice of her intention to sue.

¶20.   In *Arceo*, this Court said specifically, as to strict versus substantial compliance:

> However, with all due respect to the dissent, today's case does not involve a question of whether the plaintiff complied with section 15-1-36(15) by submitting a notice containing information which was substantial enough to be in compliance with the statute . . . . Instead, we are squarely confronted with a situation where the plaintiff, in filing an original complaint, a first amended complaint, and a second amended complaint, wholly failed to submit any notice required by the statute.

*Arceo*, 949 So. 2d at 697.

¶21.   In the instant case, notice was provided, thus allowing an inquiry of whether such notice substantially complied with the requirements of the statute.

¶22.   Based on the language quoted herein from *Arceo* regarding substantial compliance, the wording of the statute and the fact that, here, notice was indeed provided, Williams substantially complied.

¶23.   For the reasons stated herein, I would find that this matter should be reversed and remanded to the trial court. Therefore, I respectfully dissent.

**KITCHENS, J., JOINS THIS OPINION.**

**KITCHENS, JUSTICE, DISSENTING:**

¶24.   Although I fully concur with Presiding Justice Graves's excellent dissent, I write separately to express my concern with the majority opinion's language that "dismissal for failure to provide notice under this statute *ordinarily* should be without prejudice." (Emphasis added.)  This statement suggests that there may be cases in which failure to

10

comply strictly with the pre-suit notice requirement of Section 15-1-36(15) would require dismissal *with* prejudice. Because I can imagine no circumstances that would warrant the irrevocable termination of what could be a meritorious civil claim for failure to jump through an innocuous procedural hoop, I respectfully dissent.

**GRAVES, P.J., JOINS THIS OPINION.**