IN THE SUPREME COURT OF MISSISSIPPI

NO. 2008-IA-01899-SCT

*LINDA BREWER*

*v.*

*JASON WILTCHER*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/29/2008 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | STEPHEN P. KRUGER |
| | JAN F. GADOW |
| ATTORNEYS FOR APPELLEE: | DOUG WADE |
| | LOUIS J. GUICHET, III |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND RENDERED - 12/03/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.    In this medical-malpractice action, we decide whether the trial court erred in denying

a motion to dismiss under Mississippi Code Section 15-1-36(15).  Finding error, we reverse

and render the appropriate judgment, dismissal without prejudice.

**FACTS**

¶2.    Jason Wiltcher filed a medical-malpractice action against Linda Brewer, Pelahatchie

Medical Clinic ("the Clinic"), and John Does 1, 2, and 3.  Prior to filing an answer, Brewer

and the Clinic filed a motion to dismiss with prejudice based on Wiltcher's failure to send

any notice in compliance with Mississippi Code Section 15-1-36(15). *See* Miss. Code Ann. § 15-1-36(15) (Rev. 2003). Wiltcher filed a response to the motion to dismiss, in which he stated that notice was sent on May 11, 2008, via U.S. mail to Linda Brewer. Wiltcher attached an unsigned copy of the notice letter to his response to the motion to dismiss. Thereafter, Brewer and the Clinic filed a reply to Wiltcher's response to the motion to dismiss, arguing that Wiltcher had failed to provide the court with any admissible, credible evidence that a notice letter was sent.

¶3.    The trial court conducted a hearing on the motion to dismiss and heard testimony from Lynn Douglas Wade, Wiltcher's attorney. Wade testified as to his usual practice in preparing letters, which involves his paralegal placing a signed original in the mail. Wade testified that he had no independent recollection of signing the notice letter and that he personally did not place it in the mail. Wade also admitted that he had no knowledge that the notice letter was actually placed in the mail. Further, Wade stated that he does not maintain copies of all signed letters.

¶4.    After hearing counsel's arguments and Wade's testimony, the trial court found that Wiltcher had failed to send any notice to the Clinic, as the notice letter was addressed only to Brewer. The court further ruled as to Brewer that it was "going to give the benefit of the doubt to the plaintiff and the United States mail." In its final judgment, the trial court stated that it treated the motion as one for summary judgment, since matters outside the pleadings were considered. The court granted summary judgment to the Clinic but denied Brewer's

motion for the same relief. This Court granted Brewer's permission to bring this interlocutory appeal. *See* Miss. R. App. P. 5.

## DISCUSSION

¶5. This Court reviews the application of a question of law under the de novo standard of review. ***Jackson Med. Clinic for Women, P.A. v. Moore***, 836 So. 2d 767, 770 (Miss. 2003). "When a trial judge sits without a jury, this Court will not disturb his factual determinations where there is substantial evidence in the record to support those findings." ***Yarbrough v. Camphor***, 645 So. 2d 867, 869 (Miss. 1994).

¶6. At the outset, we note that the trial court erred in converting the motion to dismiss to a motion for summary judgment. A motion to dismiss for failure to comply with Section 15-1-36(15)[1] does not reach the merits of a cause of action; therefore, the trial court should not

---

[1]Section 15-1-36(15) provides that:

> No action based upon the health care provider's professional negligence may be begun *unless the defendant has been given at least sixty (60) days' prior written notice* of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is *served* within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for commencement of the action shall be extended for sixty (60) days from the *service* of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

Miss. Code Ann. § 15-1-36(15) (Rev. 2003) (emphasis added).

have treated the motion as one for summary judgment. ***Thomas v. Warden***, 999 So. 2d 842, 847 (Miss. 2008); *cf.* ***Williams v. Skelton***, 6 So. 3d 428, 431 (Miss. 2009) (holding that "dismissal for failure to comply with the pre-suit requirements of Mississippi Code Section 15-1-36 should be without prejudice."). Therefore, this Court reviews the trial court's judgment as one denying a motion to dismiss filed pursuant to Mississippi Code Section 15-1-36(15).

¶7. Brewer argues that Wiltcher failed to present any evidence to establish that pre-suit notice was mailed, delivered, or received. Brewer points to Wade's testimony, in which he admitted that he did not have actual knowledge of the notice being mailed or received. Conversely, Wiltcher argues that Wade's testimony regarding his habit and routine practice evidenced that the notice was mailed to Brewer.

¶8. This Court has held that the "mechanics" of Rule 5 of the Mississippi Rules of Civil Procedure apply when notice is mandated as a preliminary step to filing a lawsuit, such as the notice required under Section 15-1-36. ***Proli v. Hathorn***, 928 So. 2d 169, 173, 175 (Miss. 2006). The Court in ***Proli*** relied upon its holding in ***Brocato v. Mississippi Publishers Corp.***, 503 So. 2d 241 (Miss. 1987), in determining that Rule 5 governed service of pre-suit notice under Section 15-1-36. ***Proli***, 928 So. 2d at 172-73. In ***Brocato***, this Court held:

> Because of the peculiar factual situation involved in this case, it is essential for the Court to determine what action constitutes the serving of notice under § 95-1-5, which is silent regarding how notice is to be served.
> Rule 5 of the Mississippi Rules of Civil Procedure is generally utilized after suit has been filed. The official comments to Rule 5 state in part, "This rule presupposes that the court has already gained jurisdiction over the parties." However, this Court finds the mechanics of Rule 5 may also be used

4

in a situation such as the one at bar in which notice is required as a preliminary step to filing a lawsuit. Therefore, this Court holds that the notice requirements of § 95-1-5 should follow the Rule 5 out-lines [sic].

*Brocato*, 503 So. 2d at 243.

¶9. Rule 5 provides in relevant part that "every written notice" shall be served by "mailing it to [an attorney or party] at his last known address" and that "[s]ervice by mail is *complete upon mailing*." Miss. R. Civ. P. 5(a)-(b)(1) (emphasis added). Rule 5 further provides that "[p]roof of service of any paper shall be upon certificate of the person executing the same." Miss. R. Civ. P. 5(d).

¶10. The outcome of this case depends upon whether the notice letter was properly served via mail upon Brewer. This Court has held that "[t]here is a presumption that mail *deposited*, postage prepaid and properly addressed is timely delivered to the person addressed." *Thames v. Smith Ins. Agency, Inc.*, 710 So. 2d 1213, 1216 (Miss. 1998) (emphasis added). In order for the presumption to arise, the proponent must present sufficient evidence that the letter was stamped and mailed. *New York Life Ins. Co. v. Quinn*, 171 Miss. 396, 157 So. 902, 903-04 (1934) (finding no presumption raised since plaintiff gave letters to postman for the postman to stamp and place in the mail). "Once the presumption is established, the burden shifts to the party denying receipt to present evidence to rebut the presumption." *Holt v. Mississippi Employment Sec. Comm'n*, 724 So. 2d 466, 470 (Miss. Ct. App. 1998).

¶11. Wiltcher failed to present any witness to attest that the notice letter was actually stamped and placed in the mail. Wiltcher's testimony regarding his usual practice and procedure is insufficient to establish that notice was served in compliance with Section 15-1-

5

36(15) and Rule 5. Further, the unsigned letter attached to Wiltcher's response lacked a certificate of service, which would provide some "[p]roof of service." Miss. R. Civ. P. 5(d).

¶12. We find that Wiltcher failed to show that the notice letter was actually mailed, which is required under Rule 5 to complete service. Miss. R. Civ. P. 5(b)(1). Further, no presumption arose that the letter was received by Brewer because Wiltcher failed to show that the notice letter was deposited in the mail. *See Thames*, 710 So. 2d at 1216. Because Wiltcher failed to present sufficient evidence that he complied with Section 15-1-36(15) by serving Brewer with a copy of the notice letter via mail, we find that the trial court erred in giving "the benefit of the doubt to the plaintiff and the United States mail."

## CONCLUSION

¶13. For the reasons stated, the order denying Brewer's motion to dismiss is reversed, and judgment is rendered in favor of Brewer, dismissing Wiltcher's complaint without prejudice.

¶14. **REVERSED AND RENDERED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

6