CHANDLER, Justice,
for the Court:
¶ 1. The Circuit Court of Lee County dismissed Jimmy Steven Fowler Jr.’s wrongful-death action for failure to timely serve presuit notice on the defendants as required by Mississippi Code Section 15-1-36(15) (Rev. 2003). The trial court denied Fowler’s motion for reconsideration. Fowler appeals, arguing that (1) he presented evidence which raised a presumption of timely presuit notice; (2) the trial court erred by denying his motion for reconsideration; and (3) the defendants, John Paul White, M.D., Marilyn Lehman, R.N., and The Sanctuary Hospice House, Inc. (collectively, Sanctuary), waived the affirmative defense of lack of presuit notice because they failed to timely pursue the defense while actively participating in the litigation.
¶ 2. We affirm. The trial court’s finding that Fowler failed to present sufficient evidence to create a presumption of presuit notice was supported by substantial evidence. The trial court was within its discretion in denying Fowler’s Rule 59(e) motion for reconsideration. And Fowler’s waiver argument is proeedurally barred because he raises it for the first time on appeal.

FACTS

¶ 3. Fowler filed the complaint on August 4, 2009. He alleged that his father, Jimmy Steven Fowler, had congestive heart failure and chronic obstructive pulmonary disease, and was maintained on multiple medications. Four months prior to Jimmy’s death on January 31, 2007, he was admitted as a resident to The Sanctuary Hospice House. The complaint alleged that Sanctuary had committed medical negligence by discontinuing Jimmy’s medication and placing him on high doses of pain medication and sedatives, which proximately caused his death from morphine neurotoxicity and benzodiazepine toxicity. The complaint further alleged that Dr. White and Nurse Lehman, the clinical coordinator for The Sanctuary Hospice House, had provided medically negligent care to Jimmy. Finally, the complaint alleged that Sanctuary had actively concealed its medical negligence and that Fowler had not discovered the negligence until so notified by the Medical Fraud Unit of the Office of the Mississippi Attorney General on August 16, 2007. Fowler’s counsel attached a certificate of expert consultation as required by Mississippi Code Section 11-1-58 (Supp.2011).
*289 ¶ 4. Fowler did not serve the complaint on the defendants. Instead, on October 16, 2009, he filed a first amended complaint that added Fred C. Sandlin Jr. and Fred’s Rexall Pharmacy as defendants. On November 19, 2009, Dr. White answered and filed a motion to dismiss due to the lack of sixty days’ presuit notice. Lehman and The Sanctuary Hospice House also raised that defense in their answers filed on November 20, 2009. On November 23, 2009, Lehman and The Sanctuary Hospice House filed a motion for summary judgment on the basis of lack of sixty days’ presuit notice. Dr. White filed a motion for summary judgment on the same ground on December 9, 2009.[1]
¶ 5. In its motion for summary judgment, The Sanctuary Hospice House asserted that it had received presuit notice postmarked August 6, 2009, two days after Fowler had filed the complaint on August 4, 2009. Lehman asserted she never had received presuit notice in the case. Dr. White asserted that he had not been given sixty days’ written notice prior to the filing of the complaint.
¶ 6. Fowler filed a consolidated response to the motions for summary judgment. He attached as exhibits signed copies of four presuit-notice letters addressed to Lehman, Dr. White, Nancy Collins, R.N., the president of The Sanctuary Hospice House, and Linda Gholston, the administrator of The Sanctuary Hospice House. These letters were dated May 6, 2008, more than sixty days prior to the date the complaint was filed on August 4, 2009. Fowler asserted that he had mailed these notices on May 6, 2008. Fowler averred that he had decided to withhold service of the original complaint pending further investigation. When further investigation revealed the identities of Fred C. Sandlin Jr. and Fred’s Rexall Pharmacy, Fowler renotified all defendants by certified mail on August 6, 2009, notified Sandlin and Fred’s Rexall Pharmacy, and filed the first amended complaint on October 16, 2009, more than sixty days after sending the August 6, 2009, notice letters. Fowler asserted that he had complied with the sixty days’ written-notice requirement because the defendants never had been served with the August 4, 2009, complaint and they had been given sixty days’ written notice of the first amended complaint.
¶ 7. The hearing occurred on May 11, 2010. The day before the hearing, Fowler filed the affidavit of Cindy Luton as a supplementary exhibit to his response. In the affidavit, Luton testified that she worked as a paralegal for Fowler’s counsel. Luton stated that, on May 6, 2008, she had prepared notice letters dictated by counsel and addressed to Lehman, Collins, Gholston, and Dr. White, all addressed to their place of business at The Sanctuary Hospice House. Luton stated that, after she had prepared the letters, counsel had signed them and she had placed sufficient postage on them and had placed them in the United States mailbox outside the law office. That afternoon, she had cheeked the mailbox and the letters were no longer in the mailbox.
¶ 8. In rebuttal, Sanctuary filed the affidavit of Gholston. Gholston stated that she had received several presuit-notice letters dated May 6, 2008, filed by Fowler’s counsel, but those letters pertained to other plaintiffs’ cases against Sanctuary, not Fowler’s case. Sanctuary attached copies of four such presuit-notice letters, all of which were dated May 6, 2008, and none of *290 which pertained to Fowler’s case. All those letters had been sent via certified mail.
¶ 9. At the summary judgment hearing, Fowler’s counsel explained that on May 6, 2008, he had directed Luton to prepare presuit-notice letters in several cases he had pending against Sanctuary. He specifically recalled dictating the Fowler letters, giving them to Luton to type, proofing them, signing them, and returning them to Luton for mailing. Then he watched Luton deposit them in the mailbox the same day. Fowler’s counsel explained that, after mailing the presuit-no-tice letters in Fowler’s case, he had spoken with his sister-in-law, an attorney specializing in medical-malpractice work in Mississippi. This attorney informed Fowler’s counsel that, although it is not required, it is considered preferable to mail presuit-notice letters via certified mail. Then, Fowler’s counsel instructed Luton to send the presuit-notice letters in the other cases against Sanctuary via certified mail. These certified letters were sent over a period of several days.
¶ 10. On November 8, 2010, the trial court granted Sanctuary’s motions to dismiss and dismissed the case without prejudice. The trial court found that Gholston’s affidavit established that Sanctuary had received presuit-notice letters from Fowler’s counsel dated May 6, 2010, in several other cases. The trial court found that, while Luton’s affidavit established she had mailed presuit-notice letters on that date, she did not specify that they were the letters in Fowler’s case. Therefore, the trial court found that Fowler had not presented sufficient evidence to support a presumption under Mississippi Rule of Civil Procedure 5 that the May 6, 2010, presuit notice had been delivered.
¶ 11. Fowler timely filed a motion for reconsideration. He attached a second affidavit from Luton and signed copies of four presuit-notice letters in Fowler’s case, dated May 6, 2008, addressed to Sanctuary. In the affidavit, Luton stated that she had mailed the four attached notice letters via United States mail on May 6, 2008. The four notice letters were addressed to Lehman, Dr. White, Gholston, and Collins at The Sanctuary Hospice House. Fowler argued that the basis of the motion for reconsideration was to correct a clear error of law or correct a manifest injustice. He argued that the trial court had misinterpreted Luton’s first affidavit due to its lack of specificity, and that Luton’s second affidavit specifying she had sent the attached letters would allow the court to correct the error.
¶ 12. The trial court denied the motion for reconsideration, stating that Luton’s original affidavit was insufficient to create a presumption of delivery because it was vague and ambiguous as to whether pre-suit notice was mailed in Fowler’s case, and the court could not allow Fowler a “second bite at the apple” by submitting an additional affidavit in the matter. Fowler now appeals from the trial court’s grant of the motions to dismiss and the denial of his motion for reconsideration.

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED BY GRANTING SANCTUARY’S MOTION TO DISMISS AND DENYING FOWLER’S MOTION FOR RECONSIDERATION.
¶ 13. Mississippi Code Section 15-1-36(15) provides:
No action based upon the health care provider’s professional negligence may be begun unless the defendant has been given at least sixty (60) days’ prior written notice of the intention to begin the action. No particular form of notice is *291 required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.
Miss.Code Ann. 15-1-36(15) (Rev. 2003). This Court requires strict compliance with Section 15-1-36(15); the failure to satisfy the presuit-notice requirement mandates dismissal without prejudice. Williams v. Skelton, 6 So.3d 428, 430 (Miss.2009). We begin by noting that the trial court correctly treated the motions for summary judgment based on noncompliance with Section 15-1-36(15) as motions to dismiss. This Court has held that a dispositive motion based on noncompliance with Section 15-1-36(15) is properly deemed a motion to dismiss, not a motion for summary judgment. Brewer v. Wiltcher, 22 So.3d 1188, 1190 (Miss.2009).
¶ 14. In Proli v. Hathorn, 928 So.2d 169, 173 (Miss.2006), this Court determined that the mechanics of Mississippi Rule of Civil Procedure 5 control the service of presuit notice under Section 15 — 1— 36(15). See also Brocato v. Mississippi Publishers Corp., 503 So.2d 241, 243 (Miss.1987) (stating that the mechanics of Rule 5 may be used in a situation where notice is required as a preliminary step before filing a lawsuit). Rule 5(b) concerns the filing of pleadings and other papers. M.R.C.P. 5(b). The rule provides, in pertinent part, that “every written notice” shall be served by “mailing it to [an attorney or party] at his last known address,” and that “service by mail is complete upon mailing.” M.R.C.P. 5(b).
¶ 15. This Court has held that “[t]here is a presumption that mail deposited, postage prepaid and properly addressed is timely delivered to the person addressed.” Thames v. Smith Ins. Agency, Inc., 710 So.2d 1213, 1216 (Miss.1998). The presumption is raised when the proponent presents sufficient evidence that the letter was stamped and mailed. Brewer, 22 So.3d at 1191 (Miss.2009) (citing New York Life Ins. Co. v. Quinn, 171 Miss. 396, 157 So. 902, 903-04 (1934)). “Once the presumption is established, the burden shifts to the party denying receipt to present evidence to rebut the presumption.” Id. (quoting Holt v. Mississippi Employment Sec. Comm’n, 724 So.2d 466, 470 (Miss.Ct.App.1998)).
¶ 16. Fowler argues that the trial court erred by finding he had not submitted sufficient evidence to raise a presumption of delivery. “When a trial judge sits without a jury, this Court will not disturb his factual determinations where there is substantial evidence in the record to support those findings.” Brewer, 22 So.3d at 1190 (quoting Yarbrough v. Camphor, 645 So.2d 867, 869 (Miss.1994)). The trial court held that the affidavit submitted by Fowler did not raise a presumption of delivery because it did not specify that Luton had mailed presuit notice in Fowler’s case as opposed to counsel’s other cases against the defendants. Certainly, the trial court’s decision was supported by substantial evidence; it was undisputed that Fowler’s counsel had prepared pre-suit-notice letters dated May 6, 2008, in several other cases against Sanctuary, and Luton’s affidavit was ambiguous as to whether she had mailed those letters as opposed to the letters in Fowler’s case.
*292 ¶ 17. Fowler argues that the trial court erred by not considering his counsel’s statements at the hearing that he specifically recalled dictating the Fowler letters, giving them to Luton to type, proofing them, signing them, returning them to Luton for mailing, and watching Luton deposit them in the mailbox. The trial court’s order did not mention these statements by Fowler’s counsel; therefore, the trial court either did not consider them, or found them to be unpersuasive. Without citation to authority, Fowler argues that the trial court should have accepted his representations made as an officer of the court. Whether to permit live testimony at a summary judgment hearing is within the trial court’s discretion. MST, Inc. v. Miss. Chem. Corp., 610 So.2d 299, 305 (Miss.1992). The statements of Fowler’s counsel were not sworn testimony, and the trial court had no obligation to consider them in making its ruling. We find that it was within the trial court’s discretion not to consider the unsworn statements of Fowler’s counsel, or to find them unpersuasive.
¶ 18. Fowler further argues that the trial court erred by denying his motion for reconsideration. Mississippi Rule of Civil Procedure 59(e) permits a party to move the court to alter or amend its judgment. City of Jackson v. Internal Engine Parts Group, Inc., 903 So.2d 60, 66 (Miss.2005). Under Rule 59(e), “a party may only obtain relief upon showing: (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice.” Rankin v. Am. Gen. Fin., 912 So.2d 725, 727 (Miss.2005). This Court reviews the trial court’s denial of a Rule 59(e) motion for abuse of discretion. Internal Engine Parts, 903 So.2d at 66.
¶ 19. Fowler argues that he sought Rule 59(e) relief to prevent a manifest injustice created by the trial court’s “misinterpretation” of Luton’s affidavit. In furtherance of this goal, he attached a second affidavit from Luton which clarified that on May 6, 2008, she had stamped and mailed the presuit-notice letters in Fowler’s case, along with signed copies of those letters. The trial court denied the motion, finding that, because Luton’s second affidavit was not newly discovered evidence, the court’s consideration of it would allow Fowler “a second bite at the apple.” In affirming the denial of a Rule 59 motion to alter or amend, the Fifth Circuit has held that “the unexcused failure to present evidence which is available at the time summary judgment is under consideration constituted a valid basis for denying a motion to reconsider.” Russ v. Int’l Paper Co., 943 F.2d 589, 593 (5th Cir.1991).
¶ 20. This Court finds that the ruling was within the trial court’s discretion, because the evidence had been available to Fowler from the time Sanctuary filed the dispositive motions in November 2009, until November 8, 2010, when the trial court entered its ruling on the motions to dismiss. The insufficiency of Luton’s affidavit was discussed extensively at the hearing on May 11, 2010, giving Fowler approximately six months between the hearing and the ruling to submit a more specific affidavit. The trial court’s decision denying Fowler’s motion for reconsideration is affirmed.
II. WHETHER SANCTUARY WAIVED ITS AFFIRMATIVE DEFENSE OF LACK OF PRE-SUIT NOTICE.
¶21. Fowler argues that Sanctuary waived the affirmative defense of lack of presuit notice by failing to pursue the defense while actively participating in the *293 litigation. Sanctuary correctly argues that, because Fowler raises this issue for the first time on appeal, the issue is procedurally barred. “This Court has long held that it will not consider matters raised for the first time on appeal.” Triplett v. Mayor and Bd. of Aldermen of Vicksburg, 758 So.2d 399, 401 (Miss.2000). This Court has stated that
We have been consistent in holding that we need not consider matters raised for the first time on appeal, which practice would have the practical effect of depriving the trial court of the opportunity to first rule on the issue, so that we can then review such trial court ruling under the appropriate standard of review.
Alexander v. Daniel, 904 So.2d 172, 183 (Miss.2005) (citations omitted). Because Fowler raises this issue for the first time on appeal, it is procedurally barred. Sanctuary has filed a motion to supplement the record arguing that, if the Court considers the issue, then Sanctuary should be permitted to present the evidence it would have presented to the trial court had the issue been raised. Because the waiver issue is procedurally barred, Fowler’s motion to supplement the record is denied.

CONCLUSION

¶ 22. We find that the trial court’s decision that Fowler failed to present sufficient evidence to create a presumption of presuit notice was supported by substantial evidence. The trial court did not abuse its discretion by denying Fowler’s Rule 59(e) motion for reconsideration. Fowler’s waiver argument is procedurally barred because he raises it for the first time on appeal.
¶ 23. AFFIRMED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, PIERCE AND KING, JJ„ CONCUR. KITCHENS, J., NOT PARTICIPATING.

. The defendants also raised a statute-of-limitations defense, which is not an issue in this appeal.