IRVING, P.J.,
for the Court:
¶ 1. Honeysuckle Creek Holdings Inc. (Honeysuckle) filed suit in the Hinds County Chancery Court against Cross Development LLC (Cross) alleging breach of contract arising out of the assignment of a leasehold interest in a telecommunications tower site. Telecom Tower Group LLC (Telecom) intervened, claiming that Cross had assigned its leasehold interest to Tele-com and that Telecom’s rights in the leasehold were superior to Honeysuckle’s rights. Following a two-day trial, the chancery court granted judgment in favor of Honeysuckle for $44,925. In addition, the court awarded Honeysuckle prejudgment interest, which totaled $5,494.80. To secure the payment of the judgment against Cross, the court granted Honeysuckle an equitable lien on the leasehold now owned by Telecom.
¶ 2. Feeling aggrieved, Telecom appeals and argues that the chancery court erred in giving Honeysuckle an equitable lien on Telecom’s leasehold interest and in awarding prejudgment interest on the amount of damages assessed against Cross.
¶ 3. Finding no error, we affirm.
FACTS
¶4. Honeysuckle acquires leasehold interests in real property sites that are suitable for the construction of cellular communications towers. Cross constructs cellular communications towers and then sells the towers to a third party. In February 2006, Honeysuckle obtained a leasehold interest in a plot of land owned by Judy Washington. In April 2006, Honeysuckle entered into a contract with Cross to assign the leasehold interest to Cross for $75,000 minus Cross’s expenses to prepare the site for construction. The *137 contract between Cross and Honeysuckle listed the following conditions precedent to Honeysuckle’s receiving payment for the assignment of the leasehold interest: (1) a signed lease with Cingular Wireless (Cingular), in which Cingular agreed to install its communications equipment on the tower to be built by Cross on the Washington property; (2) an assignment of the ground lease from Honeysuckle to Cross; (3) a copy of the title policy on the property; (4) a copy of a survey of the property; (5) a copy of the NEPA/Phase 1 Environmental survey of the property; (6) a copy of the FAA filings on the property; and (7) a copy of the Geotech report on the property.[1]
¶ 5. In November 2006, Honeysuckle assigned the ground lease to Cross, and Cross began making the ground-lease payments to Washington. Cross completed construction of the tower in January 2007. Although Honeysuckle obtained a signed lease with Cingular, Cingular later elected not to honor its contract with Honeysuckle. Therefore, the tower was unused for eleven months until Cross was able to obtain a separate lease with Cingular, in which Cin-gular agreed to install its communications equipment on the tower. Cross subsequently refused to pay Honeysuckle the full contract price for the assignment of the lease because of the damages that it suffered as a result of the eleven-month delay.
¶ 6. Honeysuckle’s complaint against Cross sought either specific performance of the contract’s full purchase price plus interest or cancellation of the assignment agreement between Honeysuckle and Cross. After filing its complaint, Honeysuckle also filed a notice of lis pendens covering the tower site. The chancery court entered a default judgment in favor of Honeysuckle, and the property was set for public sale.
¶ 7. Telecom filed a separate suit against Honeysuckle, seeking to enjoin the public sale of the property, which the court granted. Telecom intervened in Honeysuckle’s lawsuit against Cross, alleging that it was the rightful owner of the subject property and requesting that the default judgment be set aside. The chancery court consolidated the cases and held a trial.
¶ 8. At trial, Doug Irving, once an employee of Honeysuckle, Cross, and Tele-com, testified that he served as president of Honeysuckle and Cross while he was employed by those two companies. During his tenure as president with those companies, he searched for and obtained sites to build cellular communications towers. Irving stated that he continued to search for a tenant for the Washington tower site while employed with Cross: When he resigned from Cross in 2007, he began working for Telecom as its site development manager. While he served as Telecom’s site development manager, Cross assigned its rights in the Washington site to Tele-com. Irving also stated that, normally, Honeysuckle would be paid for assigning its rights in a leasehold interest to Cross at the time the assignment was made. However, that did not occur with the Washington site.
¶ 9. Randy Bailey, past co-owner of Cross, testified that Cross agreed to purchase a ground lease and an antenna lease from Honeysuckle. He noted that Cross did not normally pay for the leasehold or the assignment of the structure lease until the cellular tower was sold to a third party. Bailey stated that Cingular did not *138 install its equipment on the tower at the Washington site until late 2007.
¶ 10. Calvin Bailey, past co-owner of Cross, testified that Cross officially dissolved in 2007, after being unable to pay its debts. Calvin noted that prior to Cross’s dissolution, it had built eight towers and had sold each tower to a third party for approximately $300,000. He stated that he had tried to reach a settlement with Honeysuckle on Cross’s behalf concerning the Washington site, but Honeysuckle had refused. Ultimately, Cross sold its interest in the leasehold to Tele-com for a reduction in the debt that Cross owed Telecom’s parent company. Once the leasehold was sold to Telecom, Cingu-lar installed its equipment on the cellular tower at the Washington site. Calvin testified that, while Cross did incur some additional expenses while waiting for Cin-gular to install its equipment on the tower, “[i]t was not [Cross’s] fault. It is not [Honeysuckle’s] fault.... So, I mean, it is Cingular and there is nothing we can do to control them.”
¶ 11. The court determined that Cross owed Honeysuckle $44,925 as a result of Cross’s breach of the contract regarding the assignment of the leasehold interest. The court also granted Honeysuckle an equitable lien against the subject property — even though it was now owned by Telecom — and declared a three percent prejudgment interest rate on the amount of damages awarded to Honeysuckle — totaling $5,494.80. Cross has not appealed the judgment against it.
¶ 12. Additional facts, as necessary, will be related in our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 13. Mississippi appellate courts employ “a limited standard of review in appeals from ... chancery court[s].” Corp. Mgmt., Inc. v. Greene Cnty., 23 So.3d 454, 459 (¶ 11) (Miss.2009) (citing Tucker v. Prisock, 791 So.2d 190, 192 (¶ 10) (Miss.2001)). As such, appellate courts will not disturb a chancery court’s factual findings “when supported by substantial evidence unless the [court] abused [its] discretion, was manifestly wrong, clearly erroneous!,] or applied an erroneous legal standard.” Id. (quoting Biglane v. Under The Hill Corp., 949 So.2d 9, 13-14 (¶ 17) (Miss.2007)). However, questions of law will be reviewed under the de novo standard of review. Id.

I. Equitable Lien

¶ 14. Telecom argues that the chancery court erred in granting Honeysuckle an equitable lien on Telecom’s leasehold interest. Ordinarily, an equitable lien is imposed “to reflect an express agreement that the property ... was intended to be held as security for 'the obligation of the promisor[.]” Neyland v. Neyland, 482 So.2d 228, 230 (1986) (citations omitted). The court may also impose an equitable lien to prevent unjust enrichment “where it would be contrary to equity and good conscience for an individual to retain a property interest acquired at the expense of another.” Id. (citations omitted).
¶ 15. The contract between Honeysuckle and Cross does not contain an express agreement that Honeysuckle would retain a lien on the leasehold interest until Cross paid for the assignment of the leases to the Washington site. Thus, the court could not have granted Honeysuckle an equitable lien in the leasehold on this basis. However, it is undisputed that Cross agreed to pay Honeysuckle for the assignment of the leases .covering the Washington site once Honeysuckle provided a signed lease agreement from Cingular, *139 which it did. Although Cross contended that Honeysuckle did not fully comply with the contract between the two companies, the parties eventually acknowledged that Cingular unilaterally decided not to honor the original contract that it had signed with Honeysuckle. Therefore, while there was no express agreement in the contract concerning a lien on the property until Honeysuckle received payment from Cross, it, nevertheless, would have been inequitable to allow Cross to benefit from the sale or assignment of the property to Telecom when Cross had not fulfilled its obligation to Honeysuckle to tender the purchase price for the assignment of the interest. Accordingly, there is substantial evidence to support the chancery court’s decision to grant Honeysuckle an equitable lien in Telecom’s leasehold interest. This issue is without merit.

II. Prejudgment Interest

¶ 16. In addition to the damages that the chancery court awarded to Honeysuckle, the court also awarded Honeysuckle prejudgment interest on that amount. Telecom argues that Honeysuckle is not entitled to prejudgment interest because Honeysuckle’s claim for damages was un-liquidated. While the record reflects that Telecom filed a motion objecting to the proposed amount of interest and requesting a lower interest rate, Telecom failed to object to the chancery court’s decision to grant prejudgment interest. It is well settled that appellate courts “will not consider matters raised for the first time on appeal.” Fowler v. White, 85 So.3d 287, 293 (¶ 21) (Miss.2012) (quoting Triplett v. Mayor and Bd. of Aldermen of Vicksburg, 758 So.2d 399, 401 (¶ 9) (Miss.2000)). Because Telecom raises this issue for the first time on appeal, it is procedurally barred.
¶ 17. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ„ CONCUR. MAXWELL, J., NOT PARTICIPATING.

. Honeysuckle was responsible for items 1 and 2; Cross completed the remaining items and deducted its expenses from the assignment price.