# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00909-COA

**LEESA CRIM MCCHAREN**                                    **APPELLANT**

**v.**

**JUDSON MOORE ALLRED, III**                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/23/2016 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | PAUL E. ROGERS |
| ATTORNEY FOR APPELLEE: | ROBERT S. MURPHREE |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEE'S MOTION TO DISMISS ORDER REINSTATING THE CASE |
| DISPOSITION: | AFFIRMED: 08/01/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., FAIR, WILSON AND WESTBROOKS, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Leesa McCharen brought a claim against her ex-husband, Judson Allred III, for child support arrearages, among other claims. After almost two years of inactivity in the case, the clerk filed a motion to dismiss for want of prosecution under Mississippi Rule of Civil Procedure 41(d). Leesa filed a motion to reinstate the case, and a hearing was held without Judson or his attorney present.[1] After Leesa's motion was granted by the court, Judson filed

---

[1] Judson's attorney claimed that the court administrator told him no hearing was set on the docket.

a motion to set aside the order reinstating the case. The court granted Judson's motion under Mississippi Rule of Civil Procedure 60(b), finding that there was no compelling reason for Leesa's delay in prosecution. Leesa appeals. Finding the judge acted well within his discretion, we affirm.

**FACTS**

¶2.  Judson and Leesa, both former attorneys, divorced in 1994. They had two daughters – one born in 1985 and the other born in 1988. The court granted Leesa physical and legal custody of the minor children, subject to Judson's visitation rights. Unfortunately, we are not privy to the details of the divorce decree, as it was not included in the record.

¶3.  On March 5, 2012, Leesa filed a petition for citation of contempt and motion to modify former orders of the court. She claimed Judson owed more than the $46,000 in arrearages, plus interest. Leesa also claimed that he was in willful contempt for failing to obtain medical insurance for the minor children and for failing to pay the insurance premiums in the amount of $51,500.08. She made various other claims, allegedly stemming from Judson's failure to adhere to the original divorce decree. Leesa also included private school tuition and private college tuition. All in all, her claims totaled over $537,000. At the time of Leesa's petition, their daughters were twenty-four and twenty-seven years old.

¶4.  After a year of heated litigation, Leesa's claims dwindled down to almost $136,000. Leesa's last filing was on August 12, 2013. On October 1, 2013, Judson filed a motion to dismiss based on Leesa's failure to add their daughters as necessary parties. The court held

2

a hearing on the motion on October 9. No order resulting from the hearing appears in the record, but a later hearing transcript mentions that the chancellor ordered Leesa to join her daughters as parties. After that hearing, Leesa took no action whatsoever in the case. On June 1, 2015, the clerk moved that the case be dismissed under Rule 41(d). Leesa still did nothing. The court dismissed the case without prejudice on July 9, 2015. On August 7, 2015, Leesa filed a motion to reinstate the case. Leesa's attorney, Paul Rogers, asked Judson's attorney, Robert Murphree, if he would sign an agreed order to reinstate the case. Murphree said no. In December 2015, Rogers contacted Murphree about possible hearing dates, and he agreed to several dates. According to Murphree, that was the last he heard about the case.

¶5. The court held a hearing on February 25, 2016. Neither Murphree nor Judson appeared. Leesa claimed she was unaware of the clerk's motion to dismiss because the motion listed the parties as "Allred Judson Moore" and "Allred Leesa Crim" instead of "Judson Moore Allred" and "Leesa Crim Allred." The court ultimately granted Leesa's motion. Murphree said it was not until April 28, 2016, that he discovered there had been a hearing, when he received some discovery from Rogers. At Murphree's request, Rogers sent him a copy of the motion to reinstate the case.

¶6. Murphree filed a motion to set aside the order on May 2, 2016. A few days before the motion's hearing, Murphree submitted an affidavit detailing his version of the events between August 2015 and the February 2016 hearing. Murphree said he never received

3

notice of the hearing. He also included copies of his notes from conversations with the court administrator, who, on February 11, reportedly told him the case was closed.

¶7. On May 17, 2016, the court held a hearing on what the chancellor called a Rule 60 motion. The court found no good cause shown for Leesa's delay and dismissed the case without prejudice. Leesa appealed.

## STANDARD OF REVIEW

¶8. The trial court has the inherent authority to dismiss an action for lack of prosecution. *Wallace v. Jones*, 572 So. 2d 371, 375 (Miss. 1990). We apply a substantial evidence/manifest error standard of review to the trial court's grant or denial of a motion to dismiss pursuant to Rule 41 of the Mississippi Rules of Civil Procedure. *Ill. Cent. R.R. v. Moore*, 994 So. 2d 723, 733 (¶30) (Miss. 2008). Also, we will not reverse the trial court's denial of relief from judgment pursuant to Rule 60 of the Mississippi Rules of Civil Procedure unless the trial court has abused its discretion. *Harrison v. McMillan*, 828 So. 2d 756, 773 (¶51) (Miss. 2002).

## DISCUSSION

¶9. Mississippi Rule of Civil Procedure 41(d)(1) states that the "case will be dismissed by the court for want of prosecution unless within thirty days following said mailing [notifying the attorneys the case will be dismissed], action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case." Leesa left her case dormant for almost two years. As a result, the clerk filed

4

a motion to dismiss on June 1, 2015. Leesa did nothing. Rule 41(d)(1) also states that "[i]f action of record is not taken or good cause is not shown, the court *shall* dismiss each such case without prejudice." M.R.C.P. 41(d)(1) (emphasis added). So on July 9, 2015, the court entered an order to that effect. Twenty-nine days later, Leesa filed a motion to reinstate the case.

¶10.    The court originally granted Leesa's motion, presumably because neither Judson nor his counsel was present at the February 2016 hearing. But after listening to Judson's argument at the May 2016 hearing, the chancellor found no good cause had been shown and dismissed the case without prejudice under Rule 60(b)(6). In doing so, he addressed Leesa's claim that she did not recognize the motion to dismiss, styled "Moore v. Crim":

> [Leesa's argument that the clerk failed] to properly docket [the case] is a red herring. It's pretty much clearly docketed as this case . . . . (T)he clerk may have reversed the order of the names, but, goodness gracious, the last name "Allred" leads in both reference to plaintiff and defendant, so I don't think you can possibly make that argument with a straight face.

¶11.    On appeal, Leesa abandons her sole argument from the trial court and instead argues that: (1) prior to dismissal, the statute of limitations of Leesa's claim had expired; and (2) Judson delayed litigation with frivolous motions. It is well established that this Court will not consider issues raised for the first time on appeal. *Fowler v. White*, 85 So. 3d 287, 293 (¶21) (Miss. 2012). Thus, we decline to address Leesa's current arguments.

¶12.    Rule 60(b)(6) allows a judge the opportunity to relieve a party from a final judgment for any justifiable reason. M.R.C.P. 60(b)(6). After careful review of the record, we find the

chancellor acted within his discretion in finding that Leesa failed to show any compelling reason for her delay in prosecution. Accordingly, we affirm the chancellor's order setting aside the order reinstating the case.

¶13.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**